ALEXANDRA M. BLEK, Plaintiff, v. JOSEPH A. L. BLEK, Defendant. (Separation Action.) JOSEPH A. L. BLEK, Appellant, v. ALEXANDRA M. BLEK, Respondent. (Annulment Action.) — In an action to annul a marriage on the ground that the respondent was the undivorced wife of one Morris Engelman, then living, the appeal is from the "verdict of the jury" and the judgment dismissing the action, after trial of framed issues. Judgment affirmed, with costs. No opinion. Appeal from the verdict of the jury dismissed, without costs. No appeal lies therefrom. Nolan, P. J., Carswell, Johnston and Adel, JJ., concur; Wenzel, J., concurs in the dismissal of the appeal from the verdict of the jury, but dissents as to the affirmance of the judgment and votes to reverse the judgment and to grant a new trial, with the following memorandum: The finding of the jury with respect to the existence of the common-law marriage between Morris Engelman and Georgia Hartwell is against the weight of the evidence. I do not believe the "holding out" to be sufficient. The fact that they may have told two friends that they were married is not enough. The establishment of a bona fide marital relation requires acts more solemn or of more probative weight, such as the raising of a family (*Rudyk* v. *Rudyk*, 278 App. Div. 837), the joint purchase of property, the execution of mutual wills or similar conduct. There is no such probative proof here. I do not believe Engelman's testimony to be worthy of credence, for he would find himself with a wife to support if his marriage to this plaintiff were adjudged to be valid.

∎

COUNTY OF NASSAU et al., Appellants, v. CHERRY VALLEY ESTATES, INC., et al., Respondents.— Plaintiff town constructed a drainage system which collected surface waters in an area north of the property of the corporate defendant and channeled it into a watercourse whose source was on that defendant's property. There was proof that this construction did not increase the flow of surface water on to that property over the volume of water which would have flowed naturally thereon due to the topography of the area. The corporate defendant, acting through the individual defendant (its vice-president), filled in the watercourse and the obstruction caused a stagnant pool of water which is claimed to be a public nuisance. In this action to compel defendants to remove the fill and to restore the watercourse to its former condition, plaintiffs appeal from a judgment dismissing their complaint. Judgment unanimously affirmed, with costs. Defendants have the right to improve their property by preventing the flow of surface water on their land. (*Barkley* v. *Wilcox*, 86 N. Y. 140.) There is a distinction between casting water on the land of another and the right of that other to prevent the flow of surface water on his land. (*Barkley* v. *Wilcox, supra.*) This case is concerned solely with the rights of the latter. Present — Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ.