L. Barroít Hill, J.
In this case plaintiff sues in equity for an injunction, affirmative-in nature, in that he asks for a decree that the defendant be required to furnish lateral support- to his land.
Plaintiff and defendant are adjoining landowners in Port Washington, each owning some three acres facing Manhasset Bay on the west. The plaintiff’s parcel is to the north of defendant’s parcel and for the most part it is unoccupied, although in the sector immediately adjacent to the Bay, there are some buildings and a shipyard for small craft is operated there.
Plaintiff acquired his property on December 20, 1952. During the year 1953, the defendant, which operates a yacht club on its property, undertook to provide additional parking space on the easterly portion. In order to do so, it cut away part of a bill which sloped from plaintiff’s property, and since a sheer wall was left at the property line, plaintiff’s land collapsed until the slope assumed an angle of natural repose. Plaintiff also complains that the defendant caused earth to be piled up around a swimming pool which it constructed on the westerly part of the yacht club property, near the Bay, causing surface waters to be thrown back upon plaintiff’s property.
Defendant counterclaims for damages which it claims to have sustained, due to the plaintiff having altered the natural contour of his land in preparation for his real estate development, causing water, mud and debris to be discharged on defendant’s property. Defendant also pleads the three-year Statute of Limitations.
*989 To the complaint as framed, this statute would have no application since the complaint asks for an injunction only which would be limited by the 10-year-equity Statute of Limitations (Civ. Prac. Act, § 53).
However, no case has been made out for an affirmative mandatory injunction, which is not favored by the law and is issued only where compelled by unique circumstances in order to afford the plaintiff adequate relief, which he can get in no other way (Lexington & Fortieth Corp. v. Callaghan, 281 N. Y. 526). That is not true here. The hill has already been cut away. Plaintiff wants defendant ordered to build a retaining wall but there is no reason given why the court should supervise the building of a wall, nor is any reason given why damages will not serve as well to permit plaintiff to build his own wall.
In Small v. Kronstat (175 Misc. 626) the opinion carefully traces the development of the law fusing the equitable and legal jurisdiction of the Supreme Court, enabling it to retain a case originally started as an equity action, where the conclusion is reached that money damages only are appropriate. I agree with the conclusion reached there that after a full trial and determination of the issues, the court is not required to dismiss the complaint because the particular relief prayed for does not lie; nor need the assessment of damages be referred as a matter of right to a jury (Livingston v. Blumenthal, 248 App. Div. 138).
I think it clear that plaintiff’s land in its natural state had a right to lateral support from the soil on defendant’s land, which right the defendant violated when he undercut the hill. (Village of Haverstraw v. Eckerson, 192 N. Y. 54; Farrand v. Marshall, 19 Barb. 380, affd. 21 Barb. 409.)
I find as a fact that while this work may have been started before 1953, a substantial portion of it was done after February 18, 1953 so that the action is not barred by the three-year Statute of Limitations, even though this action be considered an action for damages. This also disposes of the contention that the cause of action did not accrue to the plaintiff, but to his predecessor in title, since plaintiff acquired title at the end of 1952, well in advance of the work complained of.
I have inspected the premises themselves and find no evidence of the piling of soil about the swimming pool. The area to the east of the pool appears to have been filled in to the level of the adjoining roadway, or slightly above it, and this may have had the effect of blocking surface water flowing from plaintiff’s to defendant’s land, but an owner is not liable for improving and grading his land even though the effect is to repel and reject *990 surface waters which formerly flowed across it (County of Nassau v. Cherry Valley Estates, 281 App. Div. 692; Giovitto v. Nassau County, 63 N. Y. S. 2d 864).
As to the counterclaim the expenses which the defendant incurred in putting in a drainage system appears to have been occasioned by its need for an improvement called for by its own plan to make its property more suitable as a recreation area. The plaintiff’s land being higher in its primeval state, has immemorially drained across defendant’s land. He has done nothing to collect the water and by means of ditches or drains, cast it in one stream on the defendant’s land. In fact, he has done his best to prevent this by channeling toward the Bay, and there is no evidence that he has gone about the leveling and grading of his own land in a negligent manner. Certainly there is no law that he cannot grade his land for a building operation in a careful and prudent manner.
I, therefore, conclude that the plaintiff may recover damages for the withdrawal of lateral support, which may take the form of proving a diminution of value, or cost of restitution, whichever is the lesser amount (Levine v. City of New York, 249 App. Div. 625). The trial will be reopened for further proof on that issue of damages. The plaintiff’s other claim is dismissed, as is also defendant’s counterclaim.
Settle order setting case down for a further hearing before an official referee to hear and report on damages.