James C. Crane, J.
The plaintiff in this case, a domestic corporation, moves on behalf of itself, a homebuilder, and others similarly situate, for summary judgment in an action for a declaratory judgment and permanent injunction.
The complaint alleges that plaintiff in compliance with the Administrative Code submitted to defendant, Department of Public Works of the City of New York, a plan for the construction of a sanitary sewer in Hylan Boulevard, a public street, to serve seven homes it was building abutting that street. Plaintiff alleges that whereas the plan for the sanitary sewer was otherwise adequate, defendants refused to approve the plan because plaintiff did not also undertake to provide a storm sewer in Hylan Boulevard. This was the sole basis for the department’s refusal to approve the sanitary sewer plan and to issue the permit to construct the same. Plaintiff also alleges that it is representative of many other owners of private property who are also affected by a general policy adopted by defendants that landowners be required to provide storm sewers in connection with the approval of permits to construct sanitary sewers. The plaintiff also alleges that there are many persons similarly situate to plaintiff and that plaintiff itself will be required to construct storm sewers in other areas where it will build if the policy of the city (supra) is allowed to continue.
The answer specifically denies various facts alleged in the complaint but on the motion the above allegations are uncontroverted and this court deems them established as fact. Defendants assert as a defense and as a counterclaim that the Department of Public Works has the authority to require and, indeed, is obligated to require that private citizens construct storm sewers in connection with the development of land by virtue of: (1) section 683 (subd. a, par. 4) of the New York City Charter ; (2) section 56A-17.0 of the Administrative Code.
*272 Plaintiff seeks the following relief prayed for in its complaint: (1) for judgment declaring that the City of New York, the Department of Public Works and Commissioner of Public Works may not lawfully require plaintiff or any other owner of private property to install a storm sewer in any street, and further demands that the Commissioner of Public Works approve “ Exhibit A ” (attached to the moving papers) and that upon plaintiff paying the proper fees and filing therewith with the Commissioner of Public Works a duplicate copy of the contract for the construction of said sanitary sewer according to said “ Exhibit A ”, showing the cost thereof, and a satisfactory guarantee to the Commissioner of Public Works of payment of the expense of supervision of such construction, that said Commissioner of Public Works issue a permit to plaintiff to construct the requested sanitary sewer and (2) that the defendants and each of them be restrained from requiring plaintiff and any owner of private property to construct or agree to construct any storm sewer in any street and in addition to the usual prayer for such other and further relief the plaintiff asserts that in the affidavits in opposition to plaintiff’s motion for summary judgment defendants for the first time interposed section 36 of the General City Law as authority for their position and that plaintiff in its reply affidavit urges for reasons cited therein that section 36 of the General City Law does not apply in New York City and by reason of the foregoing plaintiff now seeks additional relief than that already demanded in the complaint to include a declaration and injunction to the foregoing effect.
In view of the fact that the motion by plaintiff is a motion for summary judgment and the defendants move for a dismissal of the complaint and in effect a cross motion for summary judgment pursuant to the provisions of CPLR 3212, subd. (b), the court believes that there is no need for amendment of the complaint and considers the affidavits sufficient to raise the legal issue of whether section 36 of the General City Law applies. Since the papers of defendants raise the issue as to the application of section 36 of the General City Law, the court believes that having been raised by the said defendants it must dispose of that issue in this case and may render judgment thereon as to the authority of the City of New York and its departments to enforce section 36 of the General City Law in addition to the requests for judgment set forth in the original complaint.
Storm sewers are traditionally regarded as and financed as public projects assessable in part to the city as a whole and in part to the drainage area. Unlike sanitary sewers which are *273 designed to dispose of human wastes from buildings, storm sewers are designed to channel and dispose of water runoffs caused by rainfall. Whereas it is clearly the legal duty of a homeowner to provide for the proper sanitary disposal of human waste materials by providing a sanitary sewer or septic tank or similar device, the landowner at common law has no obligation to provide for the disposal of surface water resulting from rain. The Court of Appeals in Kossoff v. Rothgeb-Walsh, Inc. (3 N Y 2d 583, 590) has held “ Where as here, it is diffused surface water, neither party [upper or lower owner] is prevented from improving his parcel of land regardless of what becomes of the surface water.” It is only when the owner collects his surface water and ‘ ‘ pipes ’ ’ it from his property that the resulting damage becomes actionable.
The point then in the case at bar is whether there is statutory authority in derogation of the common law requiring the landowner to provide storm sewers in connection with development of his property. Clearly section 683 (subd. a, par. 4) of the New York City Charter and the Administrative Code sections cited by defendant (§§ 683a-1.0; 683aA-2.0; 683a4-5.0; 683a4-5.1) provide no such authority. Nor does defendant’s “ nuisance ” defense have merit. (Administrative Code, § 564-17.0. See, also, County of Nassau v. Cherry Val. Estates, 281 App. Div. 692.)
Thus we come to the interposing by defendants in its papers of section 36 of the General City Law as the requisite statutory authority for its storm sewer requirement of this plaintiff. Plaintiff challenges the applicability of section 36 in New York City. This court held on September 18, 1962, that section 36 of the General City Law — local option statute — had not then been opted by the City of New York (Di Biasi v. City of New York, 232 N. Y. S. 2d 882). The holding therein was affirmed unanimously by the Appellate Division (Second Department) (19 A D 2d 323). Subsequent to affirmance as aforesaid and pending appeal to the Court of Appeals the Board of Estimate of the City of New York adopted the following resolution on December 19, 1963: “Whereas, Section 198 of the New York City Charter provides that the map of The City of New York as the same was heretofore established is continued; and Whereas, Section 26 of Article 3 of the General City Law provides that a city may establish an official map thereunder by resolution of the legislative body which has authority to lay out, adopt and establish streets, highways and parks; now, therefore, be it Resolved, That the Board of Estimate hereby declares the City Map, as heretofore and presently constituted pursuant to Section 198 of *274 the New York City Charter be and hereby is established as the official map of The City of New York, pursuant to Section 26 of the General City Law, and that the Secretary of the Board of Estimate shall file with the Clerk or Register of each of the counties comprising The City of New York, a certified copy of this resolution.”
Thereafter the Di Biasi case (supra) was argued in the Court of Appeals which was advised in the briefs of counsel of the above resolution. That court unanimously affirmed without opinion (14 N Y 2d 711). It is worthy to note that the Court of Appeals did not find the affirmed judicial declaration moot. Under the rule of Knapp v. Fasbender (1 N Y 2d 212, 219); Matter of Tartaglia v. McLaughlin (297 N. Y. 419); People ex rel. Clark v. Gilchrist (243 N. Y. 173, 180) and People v. Loria (10 N Y 2d 368), the decisions of the Court of Appeals are predicated on the law as it exists when that court decides the case. Thus, plaintiff urges this court to find that the Court of Appeals has already decided that the above-quoted resolution is ineffective to elect section 36 of the General City Law in New York City. This court, however, is reluctant to attribute to the Court of Appeals that which that court has not expressly decided and will consider the merits of the argument of plaintiff.
The crux of the matter is the Board of Estimate’s resolution of December 19, 1963. In defendants’ view that resolution is sufficient to opt article 3 of the General City Law including section 36. In plaintiff’s view, the resolution is ineffective because regardless of the intention expressed to come under article 3, the resolution does not establish the map which is defined in the various sections of article 3. With this view this court agrees.
The resolution simply attempts to establish as the ‘‘ Article 3 map ’ ’ the ‘ ‘ City Map ’ ’ under Charter section 198, the same position which the city took without the benefit of the resolution in the Di Biasi case (supra). This court finds that there are differences in substance between the article 3 map and the Charter section 198 map and that the requirement of section 26 of the General City Law that there be a resolution does not mandate simply a statement of intention on the part of the city, but rather the establishment of a map by resolution which conforms to the map delineated in article 3. This becomes all the more important when it is recognized that substantial property rights are involved.
The official map under article 3 of the General City Law is defined in section 26 thereof as “ an official map of the city showing the streets, highways and parks theretofore laid out, adopted *275 and established by law. ’ ’ In the words of the draftsman of that statute, the late Edward M. Bassett, it is a map of the existing street system — an “as is” map. Section 29 of the General City Law provides methods whereby the official map may be changed, “so as to lay out new streets * * * or to widen or close existing streets ”. (Italics supplied.) The scheme of article 3 is that a city which wishes to avail itself of the benefits of the article must adopt as the official map, a map of the existing street system. Once that map is established, the city has the right to modify the map in the interests of the municipality, but it may not, by failing to include an existing street on the map when it is first established, destroy vested property rights in such street and the abutting properties. Article 3 likewise provides judicial review for landowners aggrieved by the operation of the article.
The Charter section 198 official map which the city, by its resolution of December 19, 1963, attempted to establish as the official map under article 3 of the General City Law, is not a map which shows all “ the streets * * * theretofore laid out, adopted and established by law (General City Law, § 26). It includes only those streets which have been formally adopted by the City of New York. The record shows a vast quantity of old streets which were established by law which are not included on the Charter section 198 map. Indeed, even streets whose layouts were approved by the city under the subdivision platting statute (1901 Charter, § 1540; 1938 and 1961 Charters, § 202) are not deemed by the city to be part of the official map under Charter section 198. However, the Appellate Division in the Di Biasi case (supra) clearly decided such streets shown on approved subdivision maps were deemed to be on the city map.
The official map under article 3 would have to include all streets adopted by the city (and therefore, on the Charter section 198 map), all existing public streets and all streets shown on maps of subdivisions duly filed in the office in which instruments affecting real property are required to be filed in the county in which the land is situated. These are the words used by the draftsman of article 3 when, at the request of Mayor Walker, he drafted a provision similar to section 36 of the General City Law for incorporation in the New York City Charter. A similar provision was also submitted to the 1936 Charter Revision Commission. The provision spells out in clear language the streets to be included on the official map and avoids the confusion which has resulted when the city attempts to establish an incomplete map of the existing street system in place of the map required by article 3 of the General City Law.
*276 For the foregoing reasons and particularly in view of the fact that this troublesome question of whether or not the City of New York has adopted article 3 of the General City Law, has been plaguing this community and in the opinion of the court has caused considerable economic difficulty, accordingly plaintiff is entitled to a declaratory judgment declaring that:
Section 36 of the General City Law is not effective in the City of New York because the city has not adopted as the official map the “as is ” map of the existing street system required by section 26 of the General City Law and
declares that such map must show when it is established, all public streets and streets shown on the Charter section 198 map and all streets shown on subdivision maps duly filed in the office in which instruments affecting real property are required to be recorded in the county in which the land is situated.
Since the defendants have not offered to this court any authority by which they may require the plaintiff or any other landowner similarly situate to plaintiff to install storm sewers, plaintiff is entitled to judgment declaring that the City of New York, the Department of Public Works and Commissioner of Public Works may not lawfully require the plaintiff or any other landowner similarly situate to install a storm sewer in any street. Plaintiff is likewise entitled to an injunction requiring the Commissioner of Public Works to approve its sanitary sewer plan submitted to him and referred to in the moving papers, upon compliance with the other provisions of the Administrative Code. Plaintiff is likewise entitled to an injunction restraining the defendants from requiring plaintiff and any other landowner similarly situate to construct any storm sewer in any street and is also entitled to an injunction restraining the defendants from attempting to enforce the provisions of article 3 of the General City Law until such time as the City of New York by resolution properly establishes the official map as herein defined.
Therefore, plaintiff’s motion for summary judgment is granted and defendants’ counterclaim is dismissed and defendants’ cross motion for summary judgment denied.