█  STONEDGE ESTATES, INC., for Itself and All Others Similarly Situated, Respondent, v. CITY OF NEW YORK et al., Appellants.— In an action by a landowner individually and in behalf of others similarly situated for declaratory judgment against the City of New York, its Commissioner of Public Works and its Department of Public Works, the defendants appeal, as limited by their stipulation and brief, from so much of an order and judgment (one paper) of the Supreme Court, Richmond County, entered June 8, 1965, as (a) adjudged that section 36 of the General City Law is not effective in New York City because the city has not established an appropriate official map; (b) enjoined the city from enforcing relevant parts of that statute; and (c) adjudged that an official map, when established pursuant to section 26 of the General City Law, must be an "as is" map. Judgment modified on the law and the facts by striking out its second, third and seventh decretal paragraphs. As so modified, the judgment, insofar as appealed from, is affirmed, without costs. In view of the defendants' stipulation, which consents to all the relief sought in plaintiff's complaint, those parts of the judgment relating to section 36 of the General City Law and the map therein contemplated are unnecessary and grant relief which plaintiff neither needs nor requested in its complaint. Moreover, plaintiff's property concededly is on a mapped street. Hence, it is not aggrieved by any alleged incompleteness or inadequacy of the city map, and it would not be aggrieved by any application of section 36 of the General City Law within New York City, since that section deals only with unmapped streets. Not being so aggrieved, plaintiff would not be entitled to any adjudication that section 36 is inapplicable here because of the alleged inadequacy of the city map. In addition, we believe it was unnecessary and improper on procedural grounds for the learned Special Term to embody in the judgment an affirmative determination that section 36 is inapplicable because of alleged defects in the city map. That relief was not sought in the complaint. Defendants' assertion of the statute's applicability was merely as a *defense* to plaintiff's demand for the relief sought in the complaint. Special Term's determination that the statute was inapplicable was necessary or proper only for the purpose of eliminating defendants' defense that the statute authorized it to require a storm sewer. Having so held, and having thus overruled that defense, it was proper for Special Term to grant a judgment giving plaintiff all the relief sought in its complaint. It was unnecessary and improper for Special Term to go beyond this, and to grant in the judgment affirmative declarations that section 36 is not effective in New York City, that the city map is not such official map as is contemplated by that statute, and enjoining the city from enforcing that statute. For the foregoing reasons, we are deleting from the judgment those decretal paragraphs which relate to the city map and section 36 of the General City Law. We neither reach nor determine the questions (a) whether the city map is such an official map as is contemplated by section 26 of the General City Law, and (b) whether section 36 of that statute is effective within the City of New York. Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur. [47 Misc 2d 270.]