West Middlebury Baptist Church, Appellant, v Kevin A. Koester et al., Respondents. [856 NYS2d 392]—

Appeal from a judgment (denominated decree) of the Supreme Court, Wyoming County (Thomas P. Flaherty, J.H.O.), entered November 16, 2006 in an action pursuant to RPAPL article 15. The judgment, insofar as appealed from, dismissed the first cause of action and granted defendants judgment on the counterclaim after a nonjury trial.

It is hereby ordered that the judgment insofar as appealed from is unanimously reversed on the law without costs, the first cause of action is reinstated and judgment is granted in favor of plaintiff as follows:

"It is ORDERED, ADJUDGED and DECREED that plaintiff is the owner in fee simple of the property at issue, and the counterclaim is dismissed."

Memorandum: As limited by its brief, plaintiff appeals from a judgment that, following a bench trial, dismissed the first cause of action seeking judgment that it is the lawful owner of property that it allegedly acquired by adverse possession, and granting defendants judgment on the counterclaim by determining that defendants are the lawful owners of the property. The property at issue is a pie-shaped parcel that is 12½ feet at its base and occupies what plaintiff believed was the northern boundary of its property. Plaintiff and defendants own adjoining parcels of property that were part of the same farm prior to the 1832 conveyance to plaintiff of "premises, containing one acre and two tenths of an acre, more or less . . . bounded . . . north by a line 3 chains 25 links." At trial, plaintiff presented evidence that it, as well as surrounding landowners, believed that the northern boundary of the parcel as conveyed by the deed ran along a line of maple trees. The deed to defendants' property,

which defendants acquired in 1986, contains boundary descriptions that "exclud[e] an approximate 1.19 acre parcel currently used by [plaintiff]." Both plaintiff and defendants engaged surveyors in 1999 to determine the northern boundary, and the surveyors agreed that defendants' parcel included the pie-shaped parcel south of the maple tree line. Defendants then erected a fence along the property line. In the first cause of action, plaintiff sought a determination that it is the lawful owner of the pie-shaped parcel through adverse possession and, in their counterclaim, defendants sought a determination that they are the lawful owners of that parcel by virtue of their deed. We conclude that plaintiff is entitled to judgment on the first cause of action and that Supreme Court erred in granting defendants judgment on the counterclaim.

"To acquire title to real property by adverse possession, . . . the possessor . . . [must] establish that the character of the possession is hostile and under a claim of right, actual, open and notorious, exclusive and continuous . . . for the statutory period of 10 years" (*Palumbo v Heumann*, 295 AD2d 935, 936 [2002] [internal quotation marks omitted]). The record establishes that plaintiff proved those elements by clear and convincing evidence for the requisite 10-year period (*see generally Walling v Przybylo*, 7 NY3d 228, 232 [2006]). Plaintiff established that it had openly and exclusively used the parcel for more than 10 years for parking and as part of the lawn without objection by defendants (*see generally id.*). We note that plaintiff presented evidence establishing that horse sheds had been erected for the church during the 1800s and that they were removed in 1955 or 1956, and the evidence supports plaintiff's position that the sheds were erected based on the belief that the maple tree line defined the northern border of plaintiff's property. Plaintiff established that its possession of the parcel was hostile inasmuch as the use of the parcel constituted an actual infringement upon defendants' parcel, and that plaintiff's use of the parcel was under a claim of right, based upon the description of the northern boundary in the deed, which plaintiff believed ran along the tree line (*see United Pickle Prods. Corp. v Prayer Temple Community Church*, 43 AD3d 307, 308-309 [2007], *lv denied* 9 NY3d 977 [2007]; *Katona v Low*, 226 AD2d 433, 434 [1996]). Further, in light of the nature and location of the parcel, we conclude that the acts of mowing, raking, and clearing the property as part of the lawn and parking area are sufficient to satisfy the requirement of RPAPL 522 (1) that the parcel "has been usually cultivated" (*see Fatone v Vona*, 287 AD2d 854, 857 [2001]; *Wagman v Village of Catskill*, 213 AD2d 775, 776-777 [1995]; *Mastin v Village of Lima*, 86 AD2d 777 [1982]). In view

of our determination, we need not address plaintiff's remaining contention. Present—Scudder, P.J., Centra, Lunn, Fahey and Green, JJ.