■ RONALD R. VILLANI et al., Appellants, v YVONNE HOLTON et al., Respondents. [859 NYS2d 537]—

Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Timothy J. Walker, J.), entered January 23, 2007 in an action pursuant to RPAPL article 15. The judgment, inter alia, granted the motion of defendant Yvonne Holton to dismiss the complaint.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by denying the motion and reinstating the complaint and as modified the judgment is affirmed without costs.

Memorandum: Plaintiffs commenced this action pursuant to RPAPL article 15 seeking, inter alia, a determination that they acquired title by adverse possession to an irregularly shaped parcel of property located along the border of parcels owned by plaintiffs and Yvonne Holton (defendant). Plaintiffs purchased their parcel to the west of defendant's parcel in 1985, and defendant purchased her parcel in 2005. Shortly after plaintiffs purchased their parcel, the prior owners of defendant's parcel constructed a fence that is located approximately four feet to the east of the property boundary, and plaintiffs thereafter cultivated a garden on that four-foot portion of the property on the west side of the fence. Shortly thereafter, plaintiffs constructed a fence from the east side of their home across the property line to the west side of the home on defendant's parcel, and plaintiffs have maintained and cultivated the grassy area running south from that fence to the street.

Supreme Court erred in granting defendant's motion to dismiss the complaint for failure to state a cause of action (see CPLR 3211 [a] [7]). Accepting the facts alleged in the complaint

as true and according plaintiffs the benefit of every favorable inference (see *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *MacDonell v PHH Mtge. Corp.*, 45 AD3d 537, 538 [2007]), we conclude that plaintiffs have stated a cause of action for adverse possession (see RPAPL 521). We therefore modify the judgment accordingly. We nevertheless conclude that the court properly denied the cross motion of plaintiffs seeking summary judgment on the complaint inasmuch as plaintiffs failed to establish as a matter of law that their possession of the disputed parcel was hostile and under a claim of right (cf. *Walling v Przybylo*, 7 NY3d 228, 232-233 [2006]). Present—Scudder, P.J., Hurlbutt, Smith, Fahey and Gorski, JJ.