[897 NYS2d 804]

SHARON FRANZA, Appellant, v DUANE C. OLIN et al., Respondents.

Fourth Department, March 19, 2010

### APPEARANCES OF COUNSEL

*Hoffmann, Hubert & Hoffmann, LLP*, Syracuse (*Terrance J. Hoffmann* of counsel), for appellant.

*Mackenzie Hughes LLP*, Syracuse (*W. Bradley Hunt* of counsel), for respondents.

### OPINION OF THE COURT

PERADOTTO, J.

By a "petition for declaratory judgment" pursuant to CPLR 3001, petitioner (hereafter, plaintiff) sought, inter alia, a declaration "that she has acquired title" to specified property surrounding her home based on adverse possession pursuant to RPAPL article 5, and she now appeals from a judgment declaring that she does not have such title. For the reasons that follow, we conclude that the application of the amendments to RPAPL article 5 (L 2008, ch 269, §§ 5, 8) to plaintiff is unconstitutional and thus that Supreme Court erred in applying those amendments to her. Those amendments became effective approximately six weeks before plaintiff sought a judicial determination of her rights with respect to the disputed property, well after title to the disputed property had allegedly vested in her. We thus conclude that the judgment should be reversed.

We note at the outset that neither a declaratory judgment action nor a special proceeding is the proper procedural vehicle to determine title to the disputed property (*see generally* CPLR 103 [b]). Rather, the correct procedural vehicle is an action pursuant to RPAPL 1501, and we therefore exercise our power to convert this declaratory judgment action to such an action (*see* CPLR 103 [c]; *see also Jones v Town of Carroll*, 32 AD3d 1216, 1218 [2006], *lv dismissed* 12 NY3d 880 [2009]).

With respect to the merits, plaintiff contends that the amendments to article 5 of RPAPL are unconstitutional as applied to her because they deprive her of a vested property right. We agree. The Legislature overhauled the law pertaining to adverse possession in 2008 through various amendments to RPAPL article 5 (*see* L 2008, ch 269, §§ 5, 8). Under the former version of RPAPL 522, land was

> "deemed to have been possessed and occupied in either of the following cases . . .

"1. [w]here it has been usually cultivated or improved[, or]

"2. [w]here it has been protected by a substantial inclosure."

The 2008 amendments replaced the language "[w]here it has been usually cultivated or improved" in RPAPL 522 (1) with "[w]here there have been acts sufficiently open to put a reasonably diligent owner on notice." In particular, the amendments also added section 543, which provides that certain "de [minimis] non-structural encroachments including, but not limited to, fences, hedges, shrubbery, plantings, sheds and non-structural walls, shall be deemed to be permissive and non-adverse" (RPAPL 543 [1]). That section further provides that, "[n]otwithstanding any other provision of this article, the acts of lawn mowing or similar maintenance across the boundary line of an adjoining landowner's property shall be deemed permissive and non-adverse" (RPAPL 543 [2]).

The amendments apply to claims filed on or after July 7, 2008 (L 2008, ch 269, § 9). Plaintiff commenced this action by "notice of petition" dated August 18, 2008, which as previously noted was approximately six weeks after the amendments to RPAPL article 5 became effective. Thus, there is no question that the amendments apply to plaintiff's claim based on the effective date thereof. Applying the amended version of article 5, Supreme Court dismissed the petition (hereafter, complaint) on the ground that plaintiff's uses of the disputed property, including lawn mowing, landscaping, and erection of a shed and satellite receiver, were deemed permissive and non-adverse under the newly-enacted RPAPL 543.

We conclude that the court erred in applying the amended version of article 5 to plaintiff under the facts of this case and that plaintiff is entitled to the application of the version of article 5 in effect when her claim to the disputed property allegedly ripened into title. "Although a statute is not invalid merely because it reaches back to establish the legal significance of events occurring before its enactment, . . . the Legislature is not free to impair vested or property rights" (*Matter of Hodes v Axelrod*, 70 NY2d 364, 369-370 [1987]; *see Pritchard v Norton*, 106 US 124, 132 [1882]; *Alliance of Am. Insurers v Chu*, 77 NY2d 573, 586 [1991]). It is well-settled law that the adverse possession of property for the statutory period vests title to the property in the adverse possessor (*see Baker v Oakwood*, 123 NY 16 [1890]; *Gorman v Hess*, 301 AD2d 683, 685 [2003]; *Pra-*

*vato v M.E.F. Bldrs.*, 217 AD2d 654, 655 [1995]). "[A]dverse possession for the requisite period of time not only cuts off the true owner's remedies but also divests [the owner] of his [or her] estate" (*Connell v Ellison*, 86 AD2d 943, 944 [1982], *affd* 58 NY2d 869 [1983]). Thus, at the expiration of the statutory period, legal title to the land is transferred from the owner to the adverse possessor (*see Woodruff v Paddock*, 130 NY 618, 624 [1892]; *Baker*, 123 NY at 26). Title to property may be obtained by adverse possession alone (*Baker*, 123 NY at 28), and "[t]itle by adverse possession is as strong as one obtained by grant" (*Connell*, 86 AD2d at 944). It therefore follows that, where title has vested by adverse possession, it may not be disturbed retroactively by newly-enacted or amended legislation (*see Baker*, 123 NY at 29-30).

Here, plaintiff contends that she acquired title to the disputed property by adverse possession as early as 1985, i.e., 10 years after the commencement of her alleged period of adverse possession (*see* RPAPL 501 [2]; CPLR 212 [a]). Although plaintiff did not seek judicial relief, i.e., to quiet title, until August 2008, according to the facts set forth in the verified complaint and the supporting documentation submitted by plaintiff, her title to the property would have vested long before the July 2008 amendments to the RPAPL (*see Baker*, 123 NY at 29-30). Indeed, RPAPL 501 (2), as amended, recognizes that *title*, not the right to commence an action to determine title, is obtained upon the expiration of the limitations period.

Contrary to the contention of respondents (hereafter, defendants), the 2008 amendments to the RPAPL are not merely "evidentiary" in nature. The amendments abrogate the common law of adverse possession and define as "permissive and nonadverse" actions that, under the prior statutory law and longstanding principles of common law, were sufficient to obtain title by adverse possession (*see e.g. Walling v Przybylo*, 7 NY3d 228 [2006] [erecting shed, digging trench, mowing, planting and raking grassy area in question, constructing underground dog wire fence, installing post for birdhouse]; *West Middlebury Baptist Church v Koester*, 50 AD3d 1494, 1495 [2008] [mowing, raking and clearing property and erecting horse sheds]; *Villani v Holton*, 50 AD3d 1543 [2008] [cultivating garden and erecting fence]; *Gorman*, 301 AD2d at 684 [mowing, planting, and repairing land]; *Woodrow v Sisson*, 154 AD2d 829, 830 [1989] [mowing lawn, removing trees, and maintaining lot]). Thus, inasmuch as title to the disputed property would have vested in plaintiff prior to the enactment of the 2008 amendments, we conclude

that application of those amendments to plaintiff is unconstitutional (*see generally Alliance of Am. Insurers*, 77 NY2d at 585-589; *Niagara Recycling v Town of Niagara*, 83 AD2d 316 [1981]).

Here, plaintiff submitted evidence establishing that her possession of the disputed property was "(1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period" under the law as it existed prior to the 2008 amendments (*Walling*, 7 NY3d at 232). In opposition to the complaint, defendant Duane C. Olin submitted affidavits in which he averred that plaintiff's use of the property was permissive, not under a claim of right, and was not open and notorious. Because there are issues of fact whether plaintiff acquired title to the disputed property by adverse possession prior to July 7, 2008, we conclude that the court erred in dismissing the complaint on the merits.

The further contention of plaintiff that she is entitled to a prescriptive or implied easement for a leach field that allegedly extends onto the disputed property is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Finally, plaintiff's contention that the amendments to RPAPL article 5 are unconstitutionally vague, confusing, and inconsistent also is raised for the first time on appeal and thus is not properly before us (*see id.*).

Accordingly, we conclude that the judgment should be reversed, the declaration vacated, the complaint reinstated, the action for a declaratory judgment converted to an action pursuant to RPAPL article 15, and the matter remitted to Supreme Court for further proceedings on the complaint in accordance with the version of RPAPL article 5 in effect prior to July 7, 2008.

SMITH, J.P., LINDLEY, GREEN and GORSKI, JJ., concur.

It is hereby ordered that the judgment so appealed from is unanimously reversed, on the law, without costs, the declaration is vacated, the complaint is reinstated, the action for a declaratory judgment is converted to an action pursuant to RPAPL article 15, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings on the complaint in accordance with the opinion by PERADOTTO, J.