CHRISTOPHER CARRASQUILLO et al., Respondents, v SEB DEVELOPMENT, LLC, Appellant. [910 NYS2d 620]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered September 9, 2009 in a real prop-

erty action. The order denied the motion of defendant for partial summary judgment dismissing plaintiffs' first cause of action.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the first cause of action is dismissed.

Memorandum: Plaintiffs own property in the City of Buffalo that adjoins property owned by defendant, and they commenced this action seeking, inter alia, to enjoin defendant from interfering with their right to use a strip of land that is five feet in width and runs along the northern border of defendant's property contiguous with their property (alley). The record establishes that, in 1996, plaintiffs had contacted defendant's predecessor in interest and requested its consent to make improvements to the alley by widening their driveway across it, and that defendant's predecessor gave plaintiffs its permission to do so. Thereafter, defendant's predecessor in interest continued to use the alley. Defendant purchased the property in June 2004 and, after experiencing water damage to the building located thereon due to water runoff from plaintiffs' driveway, defendant built a fence and informed plaintiffs that they had no right to use the alley. We agree with defendant that Supreme Court erred in denying its motion for partial summary judgment dismissing the first cause of action, alleging that plaintiffs acquired ownership of the property by adverse possession and that they have an easement over the property. With respect to adverse possession, defendant met its initial burden on the motion by establishing as a matter of law that two of the five elements of adverse possession were not present, i.e., plaintiffs' possession was not hostile nor was it exclusive (*see Taillie v Rochester Gas & Elec. Corp.*, 68 AD3d 1808, 1809 [2009]; *see generally Walling v Przybylo*, 7 NY3d 228, 232 [2006]; *West Middlebury Baptist Church v Koester*, 50 AD3d 1494, 1495 [2008]). With respect to an easement, defendant established as a matter of law that plaintiffs did not have an easement by express grant (*see Willow Tex v Dimacopoulos*, 68 NY2d 963, 965 [1986], *rearg denied* 69 NY2d 742 [1987]), nor did they have a prescriptive easement (*see Beutler v Maynard*, 80 AD2d 982, 982-983 [1981], *affd* 56 NY2d 538 [1982]). Plaintiffs failed to raise a triable issue of fact to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Martoche, J.P., Sconiers, Green and Pine, JJ.