# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**67**
**CA 10-01805**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND GORSKI, JJ.

---

DAVID HAMMOND AND KARYL HAMMOND,
PLAINTIFFS-RESPONDENTS,

V                                      MEMORANDUM AND ORDER

GORDON BAKER, ESTHER BAKER, RANDALL BAKER, AND
ADDY BAKER, DEFENDANTS-APPELLANTS.

---

HARRIS, CHESWORTH, O'BRIEN, JOHNSTONE, WELCH & LEONE, LLP, ROCHESTER
(EUGENE WELCH OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

ROSE AND REH, LLC, VICTOR (THOMAS D. REH OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an amended order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered November 16, 2009. The amended order, among other things, awarded plaintiffs a portion of defendants' land.

It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.

Memorandum: In this action to quiet title by adverse possession, defendants appeal from an amended order entered following a bench trial awarding plaintiffs a portion of land (hereafter, disputed property) previously purchased by defendants Gordon Baker and Esther Baker. According to defendants, plaintiffs failed to meet their burden of establishing by clear and convincing evidence that, inter alia, their possession of the disputed property was open and notorious (*see Walling v Przybylo*, 7 NY3d 228, 232; *West Middlebury Baptist Church v Koester*, 50 AD3d 1494). Defendants contend that, among other reasons, a hedgerow screened or obscured plaintiffs' possessory actions. We reject that contention. The record establishes that, during the required period of adverse possession, plaintiffs erected a shed, constructed and reconfigured a stone wall, refurbished a swing set, planted and fertilized grass, and regularly mowed the lawn (*see West v Tilley*, 33 AD2d 228, 230, *lv denied* 27 NY2d 481; *see also Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 160; *Villani v Holton*, 50 AD3d 1543; *Gorman v Hess*, 301 AD2d 683). We thus conclude that "even a casual inspection by [the record owner] . . . of the boundary lines of the property . . . would have revealed [plaintiffs'] occupation and use" of the disputed property (*West*, 33 AD2d at 230).

Inasmuch as defendants tacitly concede, and the record

establishes, that plaintiffs' possession and use of the disputed property was also actual, exclusive, and continuous for the required period of at least 10 years (*see generally Walling*, 7 NY3d at 232), a presumption of hostility under a claim of right arose, satisfying the remaining element of a cause of action for adverse possession (*see DeRosa v DeRosa*, 58 AD3d 794, 796, *lv denied* 12 NY3d 710; *Parsons v Hollingsworth*, 259 AD2d 1054).  We conclude that defendants failed to rebut the presumption (*see Merget v Westbury Props., LLC*, 65 AD3d 1102, 1104-1105; *Parsons*, 259 AD2d at 1054; *see generally Walling*, 7 NY3d at 232-233).  "[Defendants'] analysis focuses far too much on [plaintiffs'] state of mind, i.e., what they knew or reasonably should have known by virtue of deed descriptions [and] survey maps . . . and far too little on [plaintiffs'] actions" (*Birkholz v Wells*, 272 AD2d 665, 666).

Under the version of the RPAPL in effect on June 13, 2008, when plaintiffs' summons and complaint were filed, plaintiffs were also required to show that the disputed property was "usually cultivated or improved" (RPAPL 522 former [1]), or "protected by a substantial inclosure" (RPAPL 522 former [2]).  Defendants err in contending that we should apply the current version of the RPAPL rather than that former version.  Indeed, it is of no moment that the current version lacks a requirement of usual cultivation or improvement (*see* RPAPL 522 [1]), and deems permissive and non-adverse certain "de minimus non-structural encroachments including, but not limited to, fences, hedges, shrubbery, plantings, [and] sheds" (RPAPL 543 [1]), as well as "the acts of lawn mowing or similar maintenance" (RPAPL 543 [2]).  As we concluded in *Franza v Olin* (73 AD3d 44, 47), "where title has vested by adverse possession, it may not be disturbed retroactively by newly-enacted or amended legislation . . . ."  We further noted in *Franza* that the 2008 amendments "define[d] as 'permissive and non-adverse' actions that, under the prior statutory law and long-standing principles of common law, were sufficient to obtain title by adverse possession" (*id.*).  Thus, applying the former version of the RPAPL, we note that "[t]he type of cultivation or improvement sufficient under the statute will vary with the character, condition, location and potential uses for the property . . . and need only be consistent with the nature of the property so as to indicate exclusive ownership" (*City of Tonawanda v Ellicott Cr. Homeowners Assn.*, 86 AD2d 118, *appeal dismissed* 58 NY2d 824; *see Ray*, 88 NY2d at 159-160), and here plaintiffs established that they "usually cultivated or improved" the disputed property in accordance with the nature of the property (*see Franza*, 73 AD3d at 47; *West Middlebury Baptist Church*, 50 AD3d at 1495; *Villani*, 50 AD3d at 1543; *Gorman*, 301 AD2d at 684-685).

As a final matter, we conclude that Supreme Court's measurement of the dimensions of the disputed property is supported by the record (*see generally Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.]*, 20 AD3d 168, 170).

Entered:  February 10, 2011                      Patricia L. Morgan
                                                 Clerk of the Court