# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**739**
**CA 13-02181**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, VALENTINO, AND DEJOSEPH, JJ.

---

RICHARD A. WICKS, JR., MARY ANN WICKS,
KAREN M. CAPUCILLI, KRISTINA M. CAPUCILLI
AND JONATHAN J. WICKS, AS CO-TRUSTEES OF
THE RICHARD A. WICKS, JR. AND MARYANN WICKS
TRUST, PLAINTIFFS-APPELLANTS,

V                                           MEMORANDUM AND ORDER

MICHAEL J. KELLY AND KATHLEEN Q. KELLY,
DEFENDANTS-RESPONDENTS.

---

CARROLL & CARROLL LAWYERS, P.C., SYRACUSE (JOHN BENJAMIN CARROLL OF
COUNSEL), FOR PLAINTIFFS-APPELLANTS.

HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered July 25, 2013. The order denied the motion of plaintiffs for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting plaintiffs' motion in part and dismissing the counterclaims and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to resolve an alleged dispute over the ownership of a portion of their driveway, as well as the driveway shoulder to the south of their driveway, which is where plaintiffs' and defendants' properties abut each other. In their complaint, plaintiffs allege they have sole title to their driveway and driveway shoulder by deed and/or adverse possession since 1964 and that, beginning in or about October 2011, defendants entered their driveway and driveway shoulder and interfered with their use and enjoyment of the property by placing permanent structures thereon. In their answer, defendants asserted three counterclaims. In the first counterclaim, defendants allege that extensive changes made by plaintiffs to their property in 2010, including the removal of both a shed from their property and a stone barrier between the properties, changed the "contour of the land" and led to water runoff to defendants' property, resulting in water damage to their side yard and basement. They allege in the second counterclaim that plaintiffs have repeatedly trespassed on their property and are wrongfully denying defendants access to their own property. In the third counterclaim, defendants allege that plaintiffs encroached on their property when plaintiffs' driveway construction extended 8 to 10

inches beyond the southern boundary of plaintiffs' property, and defendants seek an order directing plaintiffs to remove the encroachment and to compensate defendants for the resulting damages.

Plaintiffs moved for summary judgment on the complaint and for summary judgment dismissing defendants' counterclaims. In support of the motion, plaintiffs submitted the affidavit of a former owner of defendants' property who stated that, from 1966 through 1979, "the [plaintiffs] solely, openly used, occupied, improved, mowed, made plantings, weeded, and maintained the premises at suit as sole owners." Plaintiffs also submitted the affidavit of an engineer who stated that, in his opinion, plaintiffs' property has not contributed to any drainage issues on defendants' property. In opposition to the motion, defendants submitted an affidavit in which they asserted that they "do not dispute that the boundary of our two properties is along the southern edge of [plaintiffs'] driveway" and that defendants' surveyor "puts our boundary line . . . at the same place as" plaintiffs' surveyor. They further asserted, however, that the drainage materials they placed next to plaintiffs' driveway are "clearly within the settled boundary according to the two surveyors and by Plaintiffs' own admissions," and that "[d]rainage became an issue on [defendants'] property after the Plaintiffs changed the structures and contour of their property." Defendants also note that, "[a]lthough . . . [plaintiffs'] driveway encroaches slightly onto our land in some places, we do not claim it." Supreme Court denied plaintiffs' motion in its entirety, determining that there are issues of fact "regarding the property line and the parties' use of all property."

Contrary to plaintiffs' contention, the court properly denied that part of their motion for summary judgment on the complaint. Because plaintiffs are claiming that they obtained title to the disputed property in 1964, plaintiffs' adverse possession contention falls under the prior version of RPAPL 522 (*see Franza v Olin*, 73 AD3d 44, 46; *see also West v Hogan*, 88 AD3d 1247, 1248, *affd* 19 NY3d 1073; *Hammond v Baker*, 81 AD3d 1288, 1290-1291). We conclude that they failed to meet their initial burden of proof of establishing title by deed or adverse possession, however, because they failed to submit any evidence of the parameters or measurements of the property in dispute. Thus, we conclude that the court's finding of a factual question "regarding the property line," i.e., the actual dimensions of the disputed property, is supported by the record (*see generally Hammond*, 81 AD3d at 1290).

We agree with plaintiffs, however, that the court erred in denying that part of their motion for summary judgment dismissing defendants' counterclaims. We therefore modify the order accordingly. With respect to defendants' first and second counterclaims, it is well established that a party "seeking to recover [from an abutting property owner for the flow of surface water] must establish that . . . improvements on the [abutting property owner's] land caused the surface water to be diverted, that damages resulted and either that artificial means were used to effect the diversion or that the improvements were not made in a good faith effort to enhance the usefulness of the [abutting owner's] property" (*Mount Zion Ministries Church, Inc. v Hines Color, Inc.*, 19 AD3d 1060, 1060, *lv denied* 5 NY3d 711; *see Langdon v Town of Webster*, 238 AD2d 888, *lv denied* 90 NY2d 806).

Here, plaintiffs met their burden with respect to the first and second counterclaims by establishing that the "natural contour of their property, rather than improvements [or alterations] made by [plaintiffs] thereto, caused the diversion of surface water" onto defendants' property (*Mount Zion Ministries Church, Inc.*, 19 AD3d at 1060), and defendants failed to raise an issue of fact in that respect (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  The record further establishes that the improvements on plaintiffs' property, including the driveway extension and the removal of a shed, were all made in good faith.  Defendants' further contention that its first counterclaim "may reasonably be interpreted as one setting forth a cause of action for private nuisance" is raised for the first time on appeal and therefore is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Finally, with respect to defendants' third counterclaim, we conclude that defendants effectively abandoned that counterclaim by asserting in opposition to plaintiffs' motion that, "[a]lthough . . . [plaintiffs'] driveway encroaches slightly onto our land in some places, we do not claim it" (*see generally id.* at 984).

Entered:  August 8, 2014                    Frances E. Cafarell
                                            Clerk of the Court