██ SANDRA J. SLACER, Respondent, v JOHN M. KEARNEY, Appellant. [57 NYS3d 255]—

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered February 11, 2016. The judgment denied the motion of defendant for summary judgment, granted the cross motion of plaintiff for summary judgment and determined the boundary line between parcels of real property owned by the parties.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff and defendant own adjoining parcels of real property, known as 130 and 138 Beresford Road, respectively, in Rochester. Plaintiff's chain-link fence, which exists near the boundary line of the parcels, encroaches onto a portion of defendant's parcel, and that strip of land is the center of the parties' dispute. Plaintiff commenced this action seeking a declaration that she is the title owner of the disputed land by adverse possession. Defendant moved for summary judgment dismissing the complaint with prejudice on the ground that it fails to state a cause of action and is barred by the applicable statute of limitations. Plaintiff cross-moved for summary judgment. We conclude that Supreme Court properly denied defendant's motion, granted plaintiff's cross motion, and issued a declaration in plaintiff's favor.

As an initial matter, we note that defendant did not dispute

on the motion that the applicable limitations provision is CPLR 212 (a). Thus, defendant's contention, raised for the first time on appeal, that CPLR 212 (a) does not apply, is unpreserved for our review (*see generally Fischbein v 1498 Third Realty Corp.*, 225 AD2d 1104, 1105 [1996]).

It is well settled that an adverse possessor gains title to occupied real property upon the expiration of the statute of limitations for an action to recover real property pursuant to CPLR 212 (a) (*see* RPAPL 501; *see also Franza v Olin*, 73 AD3d 44, 46-47 [2010]). CPLR 212 (a) provides that "[a]n action to recover real property or its possession cannot be commenced unless the plaintiff, or his predecessor in interest, was seized *or possessed of the premises within ten years before the commencement of the action*" (emphasis added). Here, plaintiff gained possession of the disputed land when she purchased her property in 1986 and continued to possess the disputed land for 10 years; thus, so long as the other elements of adverse possession have been met, plaintiff acquired legal title to the disputed land in 1996.

Defendant contends that plaintiff was required to commence a judicial action after the requisite 10-year period passed, i.e., sooner than 2014, in order to gain title to the disputed land. We reject that contention on the ground that "RPAPL 501 (2), as amended, recognizes that *title, not the right to commence an action to determine title*, is obtained upon the expiration of the limitations period" (*Franza*, 73 AD3d at 47 [additional emphasis added]). As we explained in *Franza*, " '[A]dverse possession for the requisite period of time not only cuts off the true owner's remedies but also divests [the owner] of his [or her] estate' . . . Thus, at the expiration of the statutory period, legal title to the land is transferred from the owner to the adverse possessor . . . Title to property may be obtained by adverse possession alone, and '[t]itle by adverse possession is as strong as one obtained by grant' " (*id.*). Contrary to defendant's contention, plaintiff had no legal obligation to take any legal action to obtain title to the disputed land after 1996 inasmuch as title vested with her that year upon the expiration of the 10-year period.

Defendant further contends that the court erred in granting plaintiff's cross motion because plaintiff failed to meet her burden of establishing that her occupancy of the disputed land was "hostile" or "under claim of right" by the requisite clear and convincing evidence. We reject that contention. To establish a claim of adverse possession under the pre-2008 version of the RPAPL, a plaintiff is required to show that possession of

the disputed property was: "(1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period" (*Walling v Przybylo*, 7 NY3d 228, 232 [2006]; *see Corigliano v Sunick*, 56 AD3d 1121, 1121 [2008]). "The character of the possession must be such 'that [it] would give the owner a cause of action in ejectment against the occupier' " (*Estate of Becker v Murtagh*, 19 NY3d 75, 81 [2012], quoting *Brand v Prince*, 35 NY2d 634, 636 [1974]). "In addition, where, as here, the claim of right is not founded upon a written instrument, the party asserting title by adverse possession must establish that the land was 'usually cultivated or improved' or 'protected by a substantial inclosure' (RPAPL former 522)" (*id.*). The above-mentioned elements must be proven by clear and convincing evidence (*see Walling*, 7 NY3d at 232).

Defendant acknowledges that there is a presumption that the hostility element has been fulfilled when all of the other elements of adverse possession are met, but he attempts to rebut the presumption by contending that plaintiff did not establish that her possession was under a "claim of right." Specifically, he contends that plaintiff had actual knowledge that she did not own the disputed land, and he points out in support of that contention that the survey given to plaintiff at the time she purchased the property shows that the chain-link fence is beyond her property line. Defendant further contends that plaintiff failed to establish either usual acts of cultivation or improvement of the land or protection by a substantial inclosure. We reject defendant's contentions and conclude that plaintiff met her burden on her cross motion of establishing entitlement to judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Plaintiff testified that she received the survey after she closed, but that she did not know how to read the survey. When she purchased her home in 1986 and from that time forward, she believed that she owned the strip of land in dispute. Even if plaintiff had read the survey and was aware of the encroachment, the court properly determined that such would not defeat her claim of right. "Conduct will prevail over knowledge, particularly when the true owners have acquiesced in the exercise of ownership rights by the adverse possessors. The fact that adverse possession will defeat a [survey] even if the adverse possessor has knowledge of the [survey] is not new" (*Walling*, 7 NY3d at 232-233). In addition, plaintiff established that the chain-link fence was in place from at least 1986, and that she cultivated and maintained the lawn on her side of the fence from that time thereafter (*see Warren v Carreras*, 133

AD3d 592, 594 [2015]). In opposition, defendant failed to raise an issue of fact (*see Zuckerman*, 49 NY2d at 562). Present— Whalen, P.J., Lindley, DeJoseph, NeMoyer and Curran, JJ.