Hanley v State of New York (2021 NY Slip Op 02690)





Hanley v State of New York


2021 NY Slip Op 02690


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


965 CA 20-00514

[*1]ROGER HANLEY AND KATHLEEN BECKER, CLAIMANTS-APPELLANTS,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 120675.) 






THE LAW OFFICE OF PARKER R. MACKAY, KENMORE (PARKER R. MACKAY OF COUNSEL), FOR CLAIMANTS-APPELLANTS.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Court of Claims (Michael E. Hudson, J.), entered October 2, 2019. The order granted defendant's motion for summary judgment dismissing the claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Claimants commenced this private nuisance action seeking to recover for property damage allegedly caused by certain alterations defendant made to the road adjacent to claimants' home. Claimants alleged that defendant installed a curb along the road in a manner that obstructed lateral water drainage from claimants' land, thereby causing water to accumulate on claimants' upgradient property and to saturate the ground and flood the surface. Defendant moved for summary judgment dismissing the claim, contending, among other things, that claimants could not recover against it for damages caused by the sort of water flow present on claimants' property. The Court of Claims granted defendant's motion, and claimants appeal. We affirm.
A party "seeking to recover [from an abutting property owner for the flow of surface water] must establish that . . . improvements on the [abutting property owner's] land caused the surface water to be diverted, that damages resulted and either that artificial means were used to effect the diversion or that the improvements were not made in a good faith effort to enhance the usefulness of the [abutting owner's] property" (Wicks v Kelly, 120 AD3d 977, 979 [4th Dept 2014]; see Barkley v Wilcox, 86 NY 140, 144-148 [1881]; Kane v Shephard, 255 AD2d 917, 918 [4th Dept 1998]). In other words, although a landowner cannot "by drains or other artificial means, collect the surface water into channels, and discharge it upon the land of [its] neighbor," such a landowner is nevertheless permitted to "in good faith, and for the purpose of building upon or improving [its] land, fill or grade it, although thereby the water is prevented from reaching [the land] and is retained upon the lands above" (Barkley, 86 NY at 147-148). Contrary to claimants' contention, we conclude that those principles apply to the circumstances of this case in which, according to the allegations in the claim, defendant's construction of a curb allegedly prevented water from discharging through defendant's land, causing it to saturate the ground and flood the surface of claimants' property (see generally Barkley, 86 NY at 144-148; Robb v State of New York, 262 App Div 37, 38 [4th Dept 1941]).
Here, defendant met its initial burden on the motion by establishing both that artificial means were not used to effect the diversion of water and that the improvements were made in good faith as part of a larger road improvement project (cf. Kane, 255 AD2d at 917), and claimants failed to raise an issue of material fact in opposition (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Contrary to claimants' contention in opposition to [*2]defendant's motion for summary judgment, defendant here did not use prohibited artificial means to "collect the surface water into channels, and discharge it upon the land of [its] neighbor" (Barkley, 86 NY at 147-148; see Wicks, 120 AD3d at 978-979). Defendant was not barred from improving its land, only from redirecting water onto claimants' land using artificial "drains, or ditches" (Barkley, 86 NY at 147; see Prachel v Town of Webster, 96 AD3d 1365, 1366 [4th Dept 2012]; Musumeci v State of New York, 43 AD2d 288, 291 [4th Dept 1974], lv denied 34 NY2d 517 [1974]). To this end, "[t]here is a distinction between casting water on the land of another and the right of that other to prevent the flow of surface water on [its] land" (County of Nassau v Cherry Val. Estates, Inc., 281 App Div 692, 692 [2d Dept 1952]; see Bennett v Cupina, 253 NY 436, 439 [1930]), and claimants failed to raise an issue of fact whether defendant "cast" or "discharged" water upon claimants' land or whether defendant employed an artificial drain or ditch as contemplated by the above principles.
We reject claimants' further contention that the court erred in granting defendant's motion because defendant failed to establish that its construction was "reasonable." Defendant was not required to establish that the construction was reasonable in order to meet its initial burden on the motion (see generally Wicks, 120 AD3d at 979), and claimants do not dispute that defendant installed the curb "in a good faith effort to enhance the usefulness" of the road (Villafrank v David N. Ross, Inc., 120 AD3d 935, 936 [4th Dept 2014]; see Barkley, 86 NY at 148; Wicks, 120 AD3d at 979).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court