◼ JULIUS EISEN et al., Appellants-Respondents, v COUNTY OF WESTCHESTER, Respondent-Appellant.—In an action to enjoin defendant from channeling and diverting waters onto plaintiffs' land and for money damages, the parties cross-appeal from a judgment of the Supreme Court, Westchester County, entered May 26, 1978, which, after a nonjury trial, awarded plaintiffs the sum of $162,249, plus interest, costs and disbursements. Judgment modified, on the law and the facts, by reducing the award to $121,882, plus interest, costs and disbursements. As so modified, judgment affirmed, with costs to the county, and action remitted to Trial Term for entry of an appropriate amended judgment. The measure of damages in a trespass action is the diminution in the rental or usable value of the premises caused by the trespass, taking the property as is and as zoned *(Tallman v Metropolitan El. R. R. Co.,* 121 NY 119; *Rumsey v New York & New England R. R. Co.,* 133 NY 79). Hence, the trial court erred in considering evidence on the reasonable probability of a rezoning. Even if such evidence were admissible, it is clear that plaintiffs failed to prove such a reasonable probability. The trial court's finding of a reasonable probability that a portion of the property might be granted a use variance is similarly infirm on the above-mentioned grounds. Furthermore, it is clear from the record and the trial court's own opinion that the testimony of plaintiffs' expert appraisal witness was simply not credible. The court having rejected many of his comparable sales and values outright, and there being no evidence in the record to support its purported upward adjustment of the value of the subject parcel as compared to much larger "comparable" sales parcels proffered by plaintiffs' expert, it is manifest that said court erred in averaging the values proffered by the opposing witnesses. The values prof-

fered by defendant's expert are the only credible ones on this record and we adopt them. We have examined the remaining claims on appeal and find them to be without merit. We would also add that many of plaintiffs' arguments would have been more properly cognizable in the companion condemnation proceeding had they attempted to prove a *de facto* condemnation. Our modification of the judgment herein represents the as-zoned market values proffered by defendant, capitalized by the rate of return as found by the trial court to determine rental value, to which the taxes paid by plaintiffs and interest at the rate of 3% per year have been added. We have modified the judgment instead of reversing and remanding for a new trial, based upon statements in the parties' briefs requesting us to accept one or the other's values and the parties' stipulation in open court, upon oral argument, that this court may fix the value it deems appropriate in lieu of a remand. Rabin, J. P., Shapiro, Cohalan and Martuscello, JJ., concur.