■ ROSE VALLEY JOINT VENTURE, Respondent, v APOLLO PLAZA ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Appellants. MONT-EAST GAS SUPPLY, INC., et al., Third-Party Defendants-Respondents.—Mikoll, J. Appeals from two judgments of the Supreme Court (Williams, J.), entered January 3, 1991 and January 22, 1991 in Sullivan County, upon a decision of the court in favor of plaintiff and third-party defendants.

Plaintiff commenced this action seeking injunctive relief

against defendants and damages for trespass. After a nonjury trial, judgment was granted in plaintiff's favor enjoining defendants from trespassing, directing defendants to remove a 30,000-gallon propane tank from plaintiff's property within 30 days after service of a copy of the judgment with notice of entry, and awarding plaintiff the sum of $49,979.22 as damages plus interest. Supreme Court also dismissed the third-party complaint. These appeals by defendants ensued.

The record reveals that defendant Apollo Plaza Associates was the assignee of a lease of property adjoining plaintiff's property. Defendant Alfred Ingber,[1] the prior leaseholder, had assigned the lease to Apollo. Apollo operated a mall on the property. In 1971 third-party defendant Mont-East Gas Supply, Inc. had been granted the right to supply gas to the shopping center and had placed a tank on plaintiff's property with the consent of the prior owner. The tank was not used from 1976 and was removed in 1979. The stanchions supporting the tank and gas lines were left on the property. In 1985 Mont-East resumed supplying gas to the shopping center using a series of nine 1,000-gallon tanks located nearby. By agreement dated August 6, 1987, Mont-East transferred to Apollo its propane gas system rights for a consideration. Apollo installed a 30,000-gallon gas tank on August 21, 1987 on plaintiff's property at the site of the original gas tank using the stanchions and gas lines still in place. Plaintiff demanded its removal. Defendants failed to comply.

At trial, defendants claimed the right to use that portion of plaintiff's premises through adverse possession or through easement by prescription and claimed over against Mont-East and third-party defendant Fallsburg Gas Service, Inc. seeking indemnity under the August 6, 1987 agreement.[2] Defendants claimed that Apollo is entitled, as successor to Mont-East, to a prescriptive easement in plaintiff's property with respect to the propane gas supply system.

To establish an easement, there must be proof of use which is exclusive, open, notorious, hostile and continuously uninterrupted (*Spiegel v Ferraro,* 73 NY2d 622, 625). Use or possession by predecessors in title, also meeting the requirements, may be tacked on to one's adverse use to establish the statu-

---

1. Ingber died just prior to the argument of this appeal and has been substituted as a party in the action by the coexecutors of his estate.

2. On appeal, defendants have abandoned their claim of adverse possession and now rely upon a claim of easement by prescription or oral license or easement.

tory period *(Brocco v Mileo,* 144 AD2d 200, 201-202), as long as there is an "unbroken chain of privity between the adverse possessors" *(Pegalis v Anderson,* 111 AD2d 796, 797). The burden is on defendants to establish adverse use by clear and convincing proof *(see, Van Gorder v Masterplanned, Inc.,* 161 AD2d 920, 921, *revd on other grounds* 78 NY2d 1106).

Defendants have failed to meet that burden. The evidence indicated that the initial tank was first installed in 1971. It was removed in 1979 and had not been in use since 1976. The use of plaintiff's property thus ceased in 1979. Further, while Mont-East supplied gas to the shopping center from 1971 to 1976, use of plaintiff's property at that time was with the then-owner's express consent. Nor do we find merit in defendants' contention that the presence of the stanchions and underground pipes which were left in place constituted a continuing use of plaintiff's property. In any event, they were placed there with the owner's consent so that their existence could not constitute hostile use.

We also find no merit in defendants' objection to the award of damages. Plaintiff's expert testified that defendants' encroachment was on 4.48 acres and that the commercial appraised rental value of the property was $1,000 a month. Supreme Court accepted such valuation. " 'The measure of damages in a trespass action is the diminution in the rental or usable value of the premises caused by the trespass, taking the property as is and as zoned' " *(Salesian Socy. v Village of Ellenville,* 121 AD2d 823, 825, quoting *Eisen v County of Westchester,* 69 AD2d 895, *lv denied* 48 NY2d 602). Supreme Court's reliance on the rental figure was proper. The interest award *(see,* CPLR 5001 [a]) and the 9% annual interest rate *(see,* CPLR 5004) were also proper.

Defendants urge that they proved in their third-party action a claim for "breach of the implied covenant of fair dealing in good faith", and they now ask this court to amend the third-party complaint to conform to the proof pursuant to CPLR 3025 (c). Defendants' third-party complaint sought indemnity based on the indemnity provision of the agreement dated August 6, 1987, which defendants failed to prove and was dismissed. Leave to amend pleadings to the proof is within the discretion of the court. To allow such an amendment at this juncture would cause surprise and would be prejudicial to third-party defendants. Supreme Court's denial thereof was thus entirely appropriate.

Weiss, J. P., Yesawich Jr., Mercure and Crew III, JJ.,

concur. Ordered that the judgments are affirmed, with one bill of costs.

