■ N. Lee Ligo et al., Appellants, v Jeffrey W. Gerould et al., Respondents. [665 NYS2d 223] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The conduct of defendant Jeffrey W. Gerould in entering upon the property of plaintiffs without their consent and dumping compost on their porch and boathouse roof constitutes a trespass (*see, Chlystun v Kent,* 185 AD2d 525, 526; 104 NY Jur 2d, Trespass, § 10). The contention of defendants that Gerould was entitled to trespass upon plaintiffs' property because plaintiff N. Lee Ligo

had previously trespassed upon defendants' property is without merit. Plaintiffs' culpable conduct is not a defense to trespass (*see, Anderson v WHEC-TV* [appeal No. 2], 92 AD2d 747). The further contention of defendants that Gerould was entitled to "return" the compost to plaintiffs' property because Ligo had wrongfully placed it on defendants' property (*see, Rossi v Ventresca Bros. Constr. Co.*, 94 Misc 2d 756, 758) is without merit. It is undisputed that the compost pile had been placed by Ligo, not on defendants' property, but on a paper street over which all parties had an easement by implication.

County Court erred in failing to award damages to plaintiffs based upon Gerould's trespass upon plaintiffs' property. In a nonjury case, however, this Court has the authority to grant " 'the judgment which upon the evidence should have been granted by the trial court' " and, where, "as here, the record is complete, that power extends to making an appropriate award of damages" (*Karagiannis v New York State Thruway Auth.*, 187 AD2d 1009, 1010, *lv dismissed* 81 NY2d 835; *see, Rivera v State of New York*, 205 AD2d 602, 603; *Mesick v State of New York*, 118 AD2d 214, 220, *lv denied* 68 NY2d 611). In the absence of proven damages, plaintiffs are entitled to nominal damages in an action for trespass (*see, Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 95; 104 NY Jur 2d, Trespass, § 36), and we award plaintiffs one dollar in nominal damages.

Plaintiffs are also entitled to an award of punitive damages. In order to recover punitive damages for trespass on real property, plaintiffs have the burden of proving that the trespasser acted with actual malice involving an intentional wrongdoing, or that such conduct amounted to a wanton, willful or reckless disregard of plaintiffs' rights (*see, Chlystun v Kent, supra*, at 527; *UA-Columbia Cablevision v Fraken Bldrs.*, 114 AD2d 448, 449; *MacKennan v Bern Realty Co.*, 30 AD2d 679; 104 NY Jur 2d, Trespass, § 42). From our review of the record, we conclude that plaintiffs met their burden of proving that Gerould acted with actual malice and that his conduct amounted to a willful disregard of plaintiffs' rights. We therefore award plaintiffs $1,500 in punitive damages.

We have considered the remaining contentions of plaintiffs and conclude that they are without merit. (Appeal from Judgment of Chautauqua County Court, Ward, J.—Injunction.) Present—Denman, P. J., Pine, Balio, Boehm and Fallon, JJ.