■ Leonard Litwin et al., Respondents, v Town of Huntington et al., Appellants, et al., Defendant. [669 NYS2d 634] —In an action pursuant to RPAPL article 15 to compel the determination of claims to real property, the defendants Town of Huntington, Town Board of the Town of Huntington, and Trustees of the Town of Huntington appeal from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated November 20, 1996, as limited their damages for trespass and denied punitive damages.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs, who operate a commercial nursery, cultivated a portion of the adjoining property, owned by the defendant Town of Huntington, with trees and other nursery stock. After the plaintiffs' adverse possession claims were dismissed (*see, Litwin v Town of Huntington,* 208 AD2d 905), the appellants moved for partial summary judgment on their counterclaims seeking damages for trespass and other relief.

The Supreme Court properly limited the appellants' damages to the rental value or net profits derived by the plaintiffs from their use of the defendants' property (*see, De Camp v Bullard,* 159 NY 450; *Granchelli v Johnson Bldg. Co.,* 85 AD2d 891; *West St. Auto Serv. v Schmidt,* 26 AD2d 662; *Bunke v New*

*York Tel. Co.,* 110 App Div 241, *affd* 188 NY 600). The Supreme Court's conclusion that the appellants are entitled only to compensation for the acreage actually occupied and cultivated by the plaintiffs, rather than the entire parcel, is consistent with this measure of damages (*see, Rose Val. Joint Venture v Apollo Plaza Assocs.,* 178 AD2d 695).

The Supreme Court properly dismissed the appellants' claim to recover punitive damages. A party seeking to recover punitive damages for trespass on real property has the burden of proving that the trespasser acted with actual malice involving intentional wrongdoing, or that such conduct amounted to a wanton, willful, or reckless disregard of the party's right of possession (*see, Ligo v Gerould,* 244 AD2d 852; *UA-Columbia Cablevision v Fraken Bldrs.,* 114 AD2d 448; *MacKennan v Bern Realty Co.,* 30 AD2d 679). The appellants failed to make such a showing. We note that there is no merit to the appellants' contention that the "malice" element required in order to recover punitive damages is the equivalent of the "hostility" requirement of an adverse possession claim (*see, Katona v Low,* 226 AD2d 433). O'Brien, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.