■ FAREWAY HEIGHTS, INC., Respondent, v RANDON P. HILLOCK et al., Doing Business as HIDDEN OAKS SUBDIVISION,

Appellants, et al., Defendant. (Appeal No. 1.) [752 NYS2d 515] —Appeal from a judgment of Supreme Court, Erie County (Michalek, J.), entered December 4, 2001, awarding plaintiff the sum of $285,000 upon a jury verdict against defendants Randon P. Hillock and Susan L. Hillock, doing business as Hidden Oaks Subdivision.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendants Randon P. Hillock and Susan L. Hillock, doing business as Hidden Oaks Subdivision, the owners of property being developed as a residential subdivision, were required by the Town of Grand Island (Town) to remedy a drainage problem on their property that affected adjacent properties. Engineers hired by defendants proposed drainage work on property owned by plaintiff, and defendants were informed by the Town engineer that they needed either an easement or permission from plaintiff to perform that work. Defendants thereafter deepened, widened and lengthened a ditch on plaintiff's property. Plaintiff commenced this action, which proceeded to trial on the trespass cause of action for which plaintiff sought compensatory and punitive damages. Supreme Court directed a verdict in favor of plaintiff on the issue of liability, and the jury returned a verdict awarding plaintiff $35,000 in compensatory damages and $250,000 in punitive damages.

We conclude that the court properly directed a verdict in favor of plaintiff on the issue of liability. Although defendants contended that they obtained permission to enter the property from the son-in-law of plaintiff's president, they failed to establish that the son-in-law had either actual or apparent authority to grant that permission. "Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction. The agent cannot by his own acts imbue himself with apparent authority" (*Hallock v State of New York*, 64 NY2d 224, 231). Here, defendants presented no evidence of a communication by plaintiff's president to them upon which they were entitled to rely.

Defendants further contend that the evidence is legally insufficient to support the award of either compensatory or punitive damages (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499) and that, in any event, the award of damages is against the weight of the evidence (*see generally Lolik v Big V Supermarkets,* 86 NY2d 744, 746; *Cohen,* 45 NY2d at 499). We conclude that the

award of compensatory damages is supported by legally sufficient evidence and is not against the weight of the evidence where, as here, the parties presented conflicting expert testimony with respect to the effect of the unauthorized excavation on the value of plaintiff's property (see Kirkpatrick v Timber Log Homes, 190 AD2d 1072). We further conclude that the award of punitive damages is supported by legally sufficient evidence and is not against the weight of the evidence. The evidence establishes that defendants knew that plaintiff owned the property; they intentionally excavated the ditch on plaintiff's property without plaintiff's knowledge or consent; and they falsely represented to others that they had permission (see Golonka v Plaza at Latham, 270 AD2d 667, 670-671; see also Ligo v Gerould, 244 AD2d 852, 853; Chlystun v Kent, 185 AD2d 525, 527).

Contrary to defendants' further contention, neither the award of compensatory damages nor the award of punitive damages is excessive. The award of compensatory damages is supported by the testimony of plaintiff's expert and plaintiff's president. Under the circumstances of this case, the award of punitive damages is appropriate and bears a reasonable relation to the " 'harm done and the flagrancy of the conduct causing it' " (Suffolk Sports Ctr. v Belli Constr. Corp., 241 AD2d 546, 547, quoting Rupert v Sellers, 48 AD2d 265, 269; see Chlystun, 185 AD2d at 527). "[P]unitive damages are intended to act as a deterrent to the offender[s] 'and to serve as a warning to others. They are intended as punishment for gross misbehavior for the good of the public' " (Home Ins. Co. v American Home Prods. Corp., 75 NY2d 196, 203; see Hartford Acc. & Indem. Co. v Village of Hempstead, 48 NY2d 218, 226). The award of punitive damages herein, which diminishes defendants' profit on a business venture, serves that purpose. Present—Pigott, Jr., P.J., Green, Pine, Hayes and Gorski, JJ.