◼ CHRISTINE MITCHELL et al., Respondents-Appellants, v HOWARD B. FINE, D.D.S., Appellant-Respondent. (Appeal No.

1.) [762 NYS2d 330] —Appeal and cross appeal from a judgment of Supreme Court, Monroe County (Cornelius, J.), entered December 26, 2001, upon a jury verdict rendered in favor of plaintiffs.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed with costs to plaintiffs.

Memorandum: Plaintiffs commenced this dental malpractice action seeking damages for injuries sustained by Christine Mitchell (plaintiff) during a root canal procedure in which defendant permitted dental material to enter her sinus cavity. In appeal No. 1, defendant appeals and plaintiffs cross-appeal from a judgment entered upon a jury verdict in favor of plaintiffs. We reject the contention of defendant on his appeal that the judgment should be vacated because plaintiffs failed to offer the requisite expert testimony establishing that defendant deviated from the accepted standard of care by permitting dental material to enter plaintiff's sinus cavity. Plaintiffs' expert testified to that effect, and the pathology report from plaintiff's corrective surgery confirms that dental material was removed from plaintiff's sinus cavity.

Plaintiffs contend on their cross appeal that the jury's finding that defendant did not deviate from the accepted standard of care by introducing sodium hypochlorite into plaintiff's sinus cavity is against the weight of the evidence. We disagree. Where, as here, the parties presented conflicting expert testimony concerning that issue, resolution of that issue is peculiarly within the province of the jury (see *Fareway Hgts. v Hillock*, 300 AD2d 1023, 1025 [2002]).

With respect to appeal No. 2, we conclude that Supreme Court properly granted that part of plaintiffs' cross motion for a new trial on the issue of damages for plaintiff's future pain and suffering. However, in the interest of judicial economy, we modify the order by providing that a new trial is granted on damages for future pain and suffering only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the verdict for damages for future pain and suffering to $20,000, in which event we order that judgment be entered accordingly. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Burns and Lawton, JJ.