*57 OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed without costs, defendant’s counterclaim dismissed and judgment directed to be entered in favor of plaintiff in the sum of $1.
In this small claims action, plaintiff sought to recover damages sustained when defendant trespassed upon his land. Plaintiff testified that defendant, an adjoining landowner, leaned his ladder against a tree on plaintiffs property and cut branches on plaintiffs side of the boundary, including branches that did not extend over defendant’s property. Plaintiff alleged that in doing so, defendant damaged the subject tree and his fence. Defendant conceded that part of his ladder was on plaintiffs property but claimed that he only cut branches that extended over his property and he denied damaging the tree or plaintiff’s fence. However, a review of the videotape admitted into evidence by plaintiff established that defendant cut down branches on plaintiffs property which did not extend over defendant’s property. Under the circumstances, plaintiff established a prima facie case of trespass. While plaintiff failed to establish his damages, to wit, the difference in the value of the property immediately before and immediately after the act complained of or the amount the subject tree depreciated as a result of defendant’s act (see 36 NY Jur 2d, Damages § 78; Evans v Keystone Gas Co., 148 NY 112 [1895]; Nichols v New York & Pa. Tel. & Tel. Co., 126 App Div 184 [1908]), we note that even in the absence of any showing of actual damages, plaintiff is entitled to an award of nominal damages (see Ligo v Gerould, 244 AD2d 852 [1997]). Although punitive damages may be awarded where a person deliberately trespasses onto the land of another and injures that person’s property (see 1 Dobbs, Torts § 56, at 114-115 [2001]; Litwin v Town of Huntington, 248 AD2d 361 [1998]) and the decision whether to award same is generally left to the sound discretion of the trial court (see Nardelli v Stamberg, 44 NY2d 500 [1978]), we are of the opinion that defendant’s single act of trespass under the circumstances presented does not warrant the imposition of punitive damages.
With respect to defendant’s counterclaim which sought the cost to repair a pool filter which was allegedly damaged as a result of falling pine needles and pine cones from plaintiff’s overhanging tree, inasmuch as defendant failed to proffer evidence that the tree was defective and that plaintiff had actual *58 or constructive notice of its condition, plaintiff cannot be held liable for any damages allegedly caused by same (see Harris v Village of E. Hills, 41 NY2d 446 [1977]; Lahowin v Ganley, 265 AD2d 530 [1999]; Golan v Astuto, 242 AD2d 669 [1997]). Thus, substantial justice requires the dismissal of defendant’s counterclaim (UDCA 1804).
Doyle, EJ., Winick and Skelos, JJ., concur.