■ WESTERN NEW YORK LAND CONSERVANCY, INC., Respondent-Appellant, v JOHN S. CULLEN et al., Appellants-Respondents. (Appeal No. 1.) [886 NYS2d 303]—

Appeal and cross appeal from an order and judgment (one paper) of the Supreme Court, Erie County (John A. Michalek, J.), entered July 18, 2008 in a trespass action. The order and judgment, among other things, awarded judgment in favor of plaintiff and against defendants in the amount of $631,296.18.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Western New York Land Conservancy, Inc. (Land Conservancy), the defendant in action No. 1 and the plaintiff in action No. 2, commenced action No. 2 seeking compensatory and punitive damages for, inter alia, the trespass of John S. Cullen and Cullenwood Farms, LLC (Cullenwood Farms), the defendants in action No. 2 (hereafter, defendants), upon its property. The Land Conservancy and Cullenwood Farms, the plaintiff in action No. 1, own adjoining properties. A trial was held, and Supreme Court directed a verdict on liability in favor of the Land Conservancy with respect to defendants' trespass on the property of the Land Conservancy by cutting down trees and making two cut-throughs on its property, as well as cutting down trees and encroaching on its property by enlarging a pond. Following a jury trial on damages, the Land Conservancy was awarded $98,181 in compensatory damages and $500,000 in punitive damages.

Defendants contend that the court erred in precluding them from "contending at trial, eliciting or introducing evidence, or suggesting to the jury" that they had permission to excavate the Land Conservancy property or to install landscaping there, inasmuch as such evidence would be relevant on the issue of the Land Conservancy's entitlement to punitive damages. Even assuming, arguendo, that the court erred in precluding that evidence, we conclude that the error is harmless because " 'the result would have been the same if the evidence had not been improperly [precluded]' " (Corsaro v Mt. Calvary Cemetery, 258 AD2d 969, 969-970 [1999]; see generally Duncan v Mount St. Mary's Hosp. of Niagara Falls [appeal No. 3], 272 AD2d 862 [2000], lv denied 95 NY2d 760 [2000]). The proposed evidence would not have established that defendants received permission to excavate the Land Conservancy's property and to extend a pond over it, or to cut down trees and to plant nonnative trees in their place. We reject defendants' further contention that the award of compensatory damages was based on speculation, particularly in view of the fact that the Land Conservancy was prevented from more accurately calculating its compensatory

damages because of defendants' conduct in removing the trees and stumps (*see Matter of Rothko*, 43 NY2d 305, 323 [1977]). We further conclude that the award of compensatory damages was not against the weight of the evidence (*see Fareway Hgts. v Hillock*, 300 AD2d 1023, 1024-1025 [2002]).

We reject defendants' contentions that the award of punitive damages was not warranted, was excessive, and was violative of defendants' right to due process. Addressing first the issue whether punitive damages were warranted, we note that, "[i]n order to recover punitive damages for trespass on real property, [a plaintiff has] the burden of proving that the trespasser acted with actual malice involving an intentional wrongdoing, or that such conduct amounted to a wanton, willful or reckless disregard of plaintiff['s] rights" (*Ligo v Gerould*, 244 AD2d 852, 853 [1997]; *see Golonka v Plaza at Latham*, 270 AD2d 667, 670 [2000]). The jury properly concluded that Cullen's conduct was sufficiently egregious to warrant punitive damages. The evidence established that Cullen acted intentionally and with no regard for the rights of the Land Conservancy. He used the Land Conservancy's property for transporting construction materials onto his property, in order to avoid ruining his own driveway or creating a new driveway on his western property. After the Land Conservancy placed a chain blocking access to the first cut-through that he made, he had a second cut-through made by again cutting down numerous trees and laying down stone. With respect to the pond encroachment, there was evidence that Cullen's contractor refused to enlarge the pond because it would extend onto the property of the Land Conservancy. Cullen informed the contractor that, in the event that the Land Conservancy became aware of the trespass, he had an attorney "who loved to fight" and that he could "drag this out for a while." Cullen then hired another contractor to excavate the Land Conservancy's property. The fact that the total acreage damaged by Cullen was small in relation to the total amount of land held by the Land Conservancy does not diminish Cullen's wrongful conduct, nor does that fact render the wrongful conduct less egregious. We further conclude that an award of punitive damages was particularly appropriate under the circumstances of this case, in order "to punish the wrongdoer and to deter repetition of such behavior in the future" (*Strader v Ashley*, 61 AD3d 1244, 1248 [2009], *lv dismissed* 13 NY3d 756 [2009], citing *Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 489 [2007]).

With respect to the issues whether the punitive damages award was excessive or violative of defendants' due process rights, we note that "[t]he Due Process Clause of the Fourteenth

Amendment prohibits a State from imposing a grossly excessive punishment on a tortfeasor" (*BMW of North America, Inc. v Gore*, 517 US 559, 562 [1996] [internal quotation marks omitted]). The three factors to consider in evaluating whether an award is grossly excessive are "the degree of reprehensibility . . . ; the disparity between the harm or potential harm suffered . . . and [the] punitive damages award; and the difference between this remedy and the civil penalties authorized or imposed in comparable cases" (*id.* at 575; *see Guariglia v Price Chopper Operating Co., Inc.*, 38 AD3d 1043, 1044 [2007], *lv denied* 9 NY3d 801 [2007]; *Sawtelle v Waddell & Reed*, 304 AD2d 103, 108-109 [2003]). Upon our review of the punitive damages award, we conclude that it was not excessive, and that it was not violative of defendants' due process rights. Indeed, we conclude that the award "bears a reasonable relation to the harm done and the flagrancy of the conduct causing it" (*Fareway Hgts.*, 300 AD2d at 1025 [internal quotation marks omitted]). We have considered defendants' remaining contentions and conclude that they are without merit.

On its cross appeal, the Land Conservancy contends that the court erred in refusing to treble the award for tree damage, pursuant to RPAPL 861 (1). A plaintiff may recover "treble the stumpage value of the tree or timber or two hundred fifty dollars per tree, or both and for any permanent and substantial damage caused to the land or the improvements thereon as a result" of the destruction of any tree (*id.*). The term stumpage value is defined as "the current fair market value of a tree as it stands prior to the time of sale, cutting, or removal" (RPAPL 861 [3]). Here, the court properly refused to award treble damages because the Land Conservancy failed to present the requisite evidence with respect to stumpage value, and instead presented evidence of restoration costs. Present—Martoche, J.P., Centra, Peradotto and Green, JJ.