# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**18**

**CA 12-00987**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

---

RICHARD B. SWEGAN AND DEBRA A. DINNOCENZO,
PLAINTIFFS-RESPONDENTS,

V                                     MEMORANDUM AND ORDER

ERIC SVENSON, MARCELLE L. SVENSON,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (PAUL V. WEBB, JR., OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

SELLSTROM LAW FIRM, LLP, JAMESTOWN (STEPHEN E. SELLSTROM OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Chautauqua County
(James H. Dillon, J.), entered February 2, 2012. The order, insofar
as appealed from, denied the motion of defendants Eric Svenson and
Marcelle L. Svenson for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the motion in part and
dismissing the second cause of action against defendants Eric Svenson
and Marcelle L. Svenson and as modified the order is affirmed without
costs.

Memorandum: Plaintiffs commenced this action asserting, inter
alia, causes of action for conversion and trespass and seeking damages
resulting from the removal of two boundary line trees located
partially on property owned by plaintiffs. The trees were removed
during the course of renovations performed by Eric Svenson and
Marcelle L. Svenson (defendants) on their adjoining property.
Defendants hired defendant David McKee, an architect, to provide
various architectural design and consulting services as well as
project management for the renovations, and McKee hired defendant
David Mathews, sued individually and doing business as Great Lakes
Tree Service, to cut and remove the two trees. We conclude that
Supreme Court erred in denying that part of defendants' motion for
summary judgment dismissing the amended complaint against them with
respect to the second cause of action, for "destruction of interest,"
but otherwise properly denied the motion. We therefore modify the
order accordingly.

With respect to the first and third causes of action, for

conversion and trespass, defendants contend that they cannot be directly liable because they did not cut down the trees, nor can they be vicariously liable because McKee and Mathews were not defendants' agents.  Regardless of McKee's status as an independent contractor, defendants may be held liable for the trespass and ensuing conversion if they "directed the trespass or such trespass was necessary to complete the contract" between defendants and McKee (*Axtell v Kurey*, 222 AD2d 804, 805*, lv denied* 88 NY2d 802; *see Gracey v Van Camp*, 299 AD2d 837, 838).  Even assuming, arguendo, that defendants met their initial burden, we conclude that the court properly determined that plaintiffs raised issues of fact whether defendants "directed the trespass or [whether] such trespass was necessary to complete the contract" (*Axtell*, 222 AD2d at 805; *see Morrison v Wescor Forest Prods. Co.*, 28 AD3d 1225, 1226).  Defendants contend for the first time on appeal that they were entitled to summary judgment dismissing the cause of action for conversion on the ground that they had the right as joint owners to remove the trees because they were structurally unsafe and created a safety hazard or private nuisance, and thus that contention is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).  Defendants further contend that they were entitled to summary judgment dismissing the fourth cause of action, for treble damages under RPAPL 861, on the ground that there is no evidence that they acted recklessly, willfully or wantonly.  That contention is likewise raised for the first time on appeal and thus is not properly before us (*see id.*).

Finally, we note that the second cause of action, for "destruction of interest," is duplicative of the cause of action for conversion, and we therefore grant defendants' motion with respect to the second cause of action (*see generally M.D. Carlisle Realty Corp. v Owners & Tenants Elec. Co. Inc.*, 47 AD3d 408, 409).

Entered:  March 15, 2013                        Frances E. Cafarell
                                                Clerk of the Court