# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1262**

**CA 13-01046**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

CRAIG M. SCHULTZ, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TOWN OF WHEATFIELD AND ROBIN R. ZASTROW,
DEFENDANTS-APPELLANTS.

---

PETRONE & PETRONE, P.C., WILLIAMSVILLE (JAMES H. COSGRIFF, III, OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

DAVID W. POLAK, ATTORNEY AT LAW, P.C., WEST SENECA (DAVID W. POLAK OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Catherine R. Nugent Panepinto, J.), entered October 16, 2012. The order, inter alia, denied in part the motion of defendants for partial summary judgment and dismissed plaintiff's second, third and fifth causes of action.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion with respect to the third cause of action and dismissing that cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action asserting causes of action for, inter alia, defamation and constructive discharge from his employment based upon his alleged demotion from the rank of sergeant. Plaintiff is a constable employed by defendant Town of Wheatfield (Town) and a former candidate for public office. He alleged that, after his unsuccessful bid for election to the Wheatfield Republican Committee in 2010, the Town demoted and constructively discharged him without cause and without a hearing in retaliation for his political activities. Plaintiff further alleged that, during his subsequent bid for a seat on the Town Board in 2011, which was unsuccessful, defendant Robin R. Zastrow, acting in his official capacity as Chief Constable, published defamatory statements about him in a letter to the Buffalo News. Defendants moved for partial summary judgment dismissing the second through fifth causes of action, for violations of plaintiff's constitutional due process rights and First Amendment rights, defamation, and constructive discharge, respectively. Supreme Court granted the motion only with respect to the cause of action for defamation, and we agree with defendants that the court also should have granted it with respect to the cause of action for the alleged violation of plaintiff's First Amendment rights. We therefore modify

the order accordingly.

Contrary to defendants' contention, we conclude that they failed to establish their entitlement to judgment as a matter of law with respect to the causes of action for violations of plaintiff's constitutional due process rights and constructive discharge (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Defendants contend that plaintiff could not have been demoted from the rank of sergeant because no such position ever existed. Even assuming, arguendo, that defendants established that plaintiff was not demoted because no such position ever existed, we conclude that their submissions on the motion failed to eliminate issues of fact whether they retaliated against plaintiff because of his political activities by eliminating his assignments and failing to schedule him for work, all without notice or a hearing pursuant to Civil Service Law § 75 (1) (c) (*see generally Richardson v City of Saratoga Springs*, 246 AD2d 900, 901-902). Defendants' conclusory assertions that notice and a hearing "are not at issue" do not establish that the second and fifth causes of action lack merit (*see Winegrad*, 64 NY2d at 853). Defendants contend for the first time on appeal that no hearing was required, and thus that contention is not properly before us (*see Swegan v Svenson*, 104 AD3d 1131, 1132).

With respect to the cause of action for violation of plaintiff's First Amendment rights, plaintiff alleges that Zastrow's letter was defamatory in nature and had a chilling effect on his First Amendment right to engage in political activity. We agree with defendants that the court erred in denying that part of their motion for partial summary judgment dismissing that cause of action. Plaintiff has not challenged the dismissal of his cause of action for defamation, which allegedly flowed from Zastrow's letter. Inasmuch as defendant has no viable common-law defamation cause of action, his First Amendment cause of action is also without merit. The First Amendment does not afford a plaintiff the right to run a political campaign that is free from public criticism (*see generally New York Times Co. v Sullivan*, 376 US 254, 270-271; *Shulman v Hunderfund*, 12 NY3d 143, 147).

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court