# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**935**

**CA 14-02232**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF ARBITRATION BETWEEN ERIC
SVENSON AND MARCELLE L. SVENSON,
PETITIONERS-APPELLANTS,

                AND                        MEMORANDUM AND ORDER

RICHARD B. SWEGAN, DEBRA A. DINNOCENZO,
RESPONDENTS-RESPONDENTS,
ET AL., RESPONDENT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (PAUL V. WEBB, JR., OF
COUNSEL), FOR PETITIONERS-APPELLANTS.

SELLSTROM LAW FIRM, LLP, JAMESTOWN (STEPHEN E. SELLSTROM OF COUNSEL),
FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Chautauqua County (Deborah A. Chimes, J.), entered September 15, 2014. The order and judgment denied in part petitioners' application to vacate an arbitrator's award.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: In a proceeding pursuant to CPLR 7503, petitioners appeal from an order and judgment that modified an arbitration award by vacating the provision awarding punitive damages but otherwise confirmed the award. We affirm.

Richard B. Swegan and Debra A. Dinnocenzo (respondents) own a parcel of real property in Chautauqua County, and petitioners own an adjoining parcel. Several maple trees have grown along the border separating the two parcels. In 2008, petitioners hired an architect as part of a project to improve their property, and the architect thereafter directed a tree removal service to remove two maple trees located near the property line. Respondents commenced an action against petitioners seeking damages for the removal of the trees, alleging that the trees had been removed without respondents' consent. Following a prior appeal to this Court (*see Swegan v Svenson*, 104 AD3d 1131), the parties executed an arbitration agreement to resolve the dispute.

Following a hearing, the arbitrator found, inter alia, that petitioners had trespassed on respondents' property and violated RPAPL

861.  The arbitrator awarded respondents treble damages pursuant to RPAPL 861 (1), as well as punitive damages.  Petitioners subsequently made an application to Supreme Court to vacate the award pursuant to CPLR 7511, respondents opposed the application to vacate and sought to confirm the award pursuant to CPLR 7510, and the court granted each application in part, as we have noted above.

Initially, we reject respondents' contention that petitioners are estopped from pursuing an appeal because they agreed in the arbitration agreement that the "decision of the arbitrator would be final and binding on the parties."  It is well settled that, notwithstanding the final and binding nature of an arbitration agreement, an award pursuant thereto may be vacated if it is "irrational, violates a strong public policy, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Buffalo Teachers Fedn., Inc. v Board of Educ. of City Sch. Dist. of City of Buffalo*, 50 AD3d 1503, 1505, *lv denied* 11 NY3d 708 [internal quotation marks omitted]; *see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100*, 14 NY3d 119, 123; *Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City Sch. Dist. of City of N.Y.*, 1 NY3d 72, 79).  Inasmuch as petitioners contend, inter alia, that the award was made in excess of the arbitrator's authority and is against public policy, we conclude that those issues are subject to our review.

We reject, however, petitioners' contention that the arbitrator's alleged misapplication of RPAPL 861 is a sufficient ground to vacate the award in its entirety.  "An arbitrator's resolution of questions of substantive law or fact is not judicially reviewable" (*Matter of Professional Staff Congress/City Univ. of N.Y. v Board of Higher Educ. of City of N.Y.*, 39 NY2d 319, 323; *see Matter of SCM Corp. [Fisher Park Lane Co.]*, 40 NY2d 788, 793).  Thus, even assuming, arguendo, that the arbitrator misapplied RPAPL 861, we conclude that such error is beyond our review.  Alternatively, we note that the broad language in the arbitration agreement concerning the arbitrator's discretion to award damages provides an independent basis upon which to affirm the damages award (*see generally Matter of SCM Corp. [Fisher Park Lane Co.]*, 40 NY2d at 792-793).

We reject petitioners' further contention that the award of treble compensatory damages is punitive in nature and therefore violative of public policy or in excess of the arbitrator's authority (*see Garrity v Lyle Stuart, Inc.*, 40 NY2d 354, 357).  Treble damages pursuant to RPAPL 861 (1) are not equivalent to punitive damages. "[I]n order to recover punitive damages for trespass on real property, [a plaintiff has] the burden of proving that the trespasser acted with actual malice involving an intentional wrongdoing, or that such conduct amounted to a wanton, willful or reckless disregard of plaintiff['s] rights" (*Western N.Y. Land Conservancy, Inc. v Cullen*, 66 AD3d 1461, 1463, *appeal dismissed* 13 NY3d 904, *lv denied* 14 NY3d 705, *reconsideration denied* 15 NY3d 746 [internal quotation marks omitted]; *see Golonka v Plaza at Latham*, 270 AD2d 667, 670; *Ligo v Gerould*, 244 AD2d 852, 853).  By contrast, RPAPL 861 (1) permits a

property owner to maintain an action "for treble the stumpage value of the tree . . . or two hundred fifty dollars per tree, or both" against "any person" who, "without the consent of the owner thereof, cuts, removes, injures or destroys, or causes to be cut, removed, injured or destroyed, any . . . tree." Such person may avoid the imposition of treble damages if he or she "establishes by clear and convincing evidence, that when the person committed the violation, he or she had cause to believe that the land was his or her own" (RPAPL 861 [2]). If such person satisfies that burden, he or she remains "liable for the stumpage value or two hundred fifty dollars per tree, or both" (*id.*). Thus, contrary to petitioners' contention, inasmuch as no showing of actual malice or a wanton, willful or reckless disregard of respondents' rights is necessary to justify an award of treble damages under RPAPL 861 (1), that portion of the arbitrator's award is not punitive in nature.

We reject petitioners' contention that the court erred when it ordered interest on the arbitration award from April 10, 2014, the date of the award (*see* CPLR 5002, 5003; *Board of Educ. of Cent. Sch. Dist. No. 1 of Towns of Niagara, Wheatfield, Lewiston & Cambria v Niagara-Wheatfield Teachers Assn.*, 46 NY2d 553, 558; *Dermigny v Harper*, 127 AD3d 685, 686).

Finally, we have examined petitioners' remaining contention with respect to General Obligations Law § 15-108 and conclude that it is without merit.

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court