Appeal by the defendants from a decision and order (one paper) of the Supreme Court, Queens County (Valerie Brathwaite Nelson, J.), entered April 18, 2016, and appeal by the plaintiff Amelia Arcamone-Makinano and cross appeal by the defendants from a judgment of that court entered July 27, 2016. The decision and order, made after a nonjury trial, inter alia, determined that the defendants were liable for trespass. The judgment, insofar as appealed from, upon an order of that court entered April 1, 2015, denying the plaintiffs’ motion for summary judgment on the issues of liability and damages, and upon the decision and order, (1) is in favor of the plaintiffs and against the defendants in the principal sum of only $750,000, and (2) dismisses so much of the fourth cause of action as sought to recover punitive damages for trespass. The judgment, insofar as cross-appealed from, upon the decision and order, (1) is in favor of the plaintiffs and against the defendants in the principal sum of $750,000, and (2), in effect, grants a permanent injunction prohibiting the defendants from maintaining encroachments that project over the plaintiffs’ property and directs the defendants to remove certain existing encroachments.
 

 Ordered that the defendants’ appeal from the decision and order is dismissed; and it is further,
 

 Ordered that on the Court’s own motion, the notice of appeal of the plaintiff Amelia Arcamone-Makinano from the decision and order is deemed a premature notice of appeal from the judgment (see CPLR 5520 [c]); and it is further,
 

 Ordered that the judgment is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof which is in favor of the plaintiffs and against the defendants in the principal sum of $750,000 on the third cause of action and on so much of the fourth cause of action as sought to recover compensatory damages for trespass, and substituting therefor a provision which is in favor of the plaintiffs and against the defendants in the principal sum of $325,000 on the third cause of action and on so much of the fourth cause of action as sought to recover compensatory damages for trespass, and (2) by deleting the provision thereof which is in favor of the defendants and against the plaintiffs dismissing so much of the fourth cause of action as sought to recover punitive damages for trespass, and substituting therefor a provision which is in favor of the plaintiffs and against the defendants in the principal sum of $250,000 on so much of the fourth cause of action as sought to recover punitive damages for trespass; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the decision and order is modified accordingly.
 

 The defendants’ appeal from the decision and order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that decision and order are brought up for review and have been considered on the cross appeal from the judgment (see CPLR 5501 [a] [1]).
 

 The plaintiffs commenced this action, inter alia, to recover damages for trespass to real property. The plaintiffs alleged that they were the owners of certain real property located in Queens that was improved with a single-family house. The plaintiffs alleged that the defendants were the owners of an adjacent parcel of real property upon which they constructed a six-story building. The plaintiffs alleged that during the course of developing their property, the defendants installed 17 steel I-beams which encroached onto the plaintiffs’ property, and further constructed a “roof cap” and a brick facade trim that projected over their property, thereby encroaching on their air space. The plaintiffs sought certain injunctive relief, and to recover compensatory and punitive damages.
 

 The plaintiffs subsequently moved for summary judgment on the issues of liability and damages. In an order entered April 1, 2015, the Supreme Court denied the plaintiffs’ motion as untimely.
 

 After a nonjury trial, the Supreme Court rendered a decision and order entered April 18, 2016, which, among other things, determined that the defendants were liable for trespass. The court awarded the plaintiffs the principal sum of $750,000 on the third cause of action and on so much of the fourth cause of action as sought to recover compensatory damages for trespass. The court also determined that the plaintiffs were entitled to a permanent injunction prohibiting the defendants from maintaining encroachments that projected over the plaintiffs’ property and directing the defendants to remove the roof cap and the brick facade trim that were projecting into the plaintiffs’ air space. However, the court declined to award the plaintiffs punitive damages. The Supreme Court subsequently entered a judgment on July 27, 2016, consistent with the decision and order.
 

 As an initial matter, contrary to the plaintiffs’ contention, their motion for summary judgment was untimely and they failed to demonstrate “good cause” for their delay (CPLR 3212 [a]; see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725, 726 [2004]; Brill v City of New York, 2 NY3d 648, 652 [2004]). Accordingly, the Supreme Court properly denied, as untimely, the plaintiffs’ motion for summary judgment on the issues of liability and damages (see Giuliano v 666 Old Country Rd., LLC, 100 AD3d 960, 961-962 [2012]; Buffolino v City of New York, 92 AD3d 633, 633 [2012]).
 

 The plaintiff Amelia Arcamone-Makinano (hereinafter the plaintiff) contends that the award of $750,000 was inadequate. The defendants contend, on their cross appeal, that the award of $750,000 was excessive and contrary to the weight of the evidence.
 

 On appeal from a judgment entered after a nonjury trial, this Court “may render the judgment it finds warranted by the facts, taking into account in a close case ‘the fact that the trial judge had the advantage of seeing the witnesses’ ” (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983], quoting York Mtge. Corp. v Clotar Constr. Corp., 254 NY 128, 133-134 [1930]; see Inspectronic Corp. v Gottlieb Skanska, Inc., 135 AD3d 707, 707-708 [2016]; Riverside Capital Advisors, Inc. v First Secured Capital Corp., 28 AD3d 452, 454 [2006]).
 

 The measure of damages for a continuing trespass upon real property or permanent injury to property is the “loss of market value, or the cost of restoration” (Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 101 AD3d 853, 857 [2012]; see Parry v Murphy, 79 AD3d 713, 716 [2010]; Eisen v County of Westchester, 69 AD2d 895 [1979]). Here, the plaintiffs submitted no evidence as to the cost of restoration and repair, and relied solely upon a theory of diminution in value. In this regard, the plaintiffs’ expert real estate appraiser testified, inter alia, that the plaintiffs’ property was worth $1,000,000 prior to the initiation of the defendants’ development of the adjacent property, and that the plaintiffs’ property now has “zero” value as a result of the subject encroachments.
 

 Contrary to the plaintiff’s contention, this Court may review the credibility of the trial witnesses and independently weigh such testimonial evidence, notwithstanding the lack of any specific trial objection to its admission (see generally Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d at 499). The Supreme Court’s determination that the plaintiffs’ property had “zero” value as a result of the subject encroachments was not supported by the weight of the evidence (see generally Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 101 AD3d at 857; Eisen v County of Westchester, 69 AD2d 895 [1979]; cf. Fareway Hgts. v Hillock, 300 AD2d 1023, 1025 [2002]). Nevertheless, the encroachments of the 17 I-beams, which intruded less than one foot over the plaintiffs’ property line but extended approximately 25 feet below the ground, were significant (see Town of Fishkill v Turner, 60 AD3d 932 [2009]; cf. Averaimo v Tavares, 93 AD3d 745, 746 [2012]). The weight of the evidence, including the testimony of the defendants’ expert real estate appraiser, establishes that the value of the plaintiffs’ property has been reduced by $325,000. Consequently, we modify the judgment accordingly.
 

 The plaintiffs are also entitled to an award of punitive damages. “A party seeking to recover punitive damages for trespass on real property has the burden of proving that the trespasser acted with actual malice involving intentional wrongdoing, or that such conduct amounted to a wanton, willful, or reckless disregard of the party’s right of possession” (Litwin v Town of Huntington, 248 AD2d 361, 362 [1998]; see Marone v Kally, 109 AD3d 880, 883 [2013]; West v Hogan, 88 AD3d 1247, 1249-1250 [2011], affd 19 NY3d 1073 [2012]). Here, the record demonstrates that the architectural plans for the development of the defendants’ property provided that the I-beams were to be installed on the plaintiffs’ property. The record also shows that the I-beams were installed solely to provide support or shoring during excavation of the defendants’ property, and that they could have been, but were not, removed during a subsequent phase of the construction despite a timely demand by the plaintiffs for such removal. Under the circumstances, an award of $250,000 for punitive damages is appropriate (see West v Hogan, 88 AD3d 1247 [2011]; Western N.Y. Land Conservancy, Inc. v Cullen, 66 AD3d 1461, 1463 [2009]). Consequently, we modify the judgment accordingly.
 

 Contrary to the defendants’ contention, the weight of the evidence supports the Supreme Court’s determination that the plaintiffs were entitled to a permanent injunction prohibiting them from maintaining encroachments that projected over the plaintiffs’ property and directing them to remove the roof cap and the brick facade trim that were projecting into the plaintiffs’ air space. “An invasion of another’s . . . airspace need not be more than de minimis in order to constitute a trespass” (Standard Realty Assoc., Inc. v Chelsea Gardens Corp., 105 AD3d 510, 510 [2013]), and, on this record, the balance of the equities favors the imposition of the limited injunctive relief granted by the court (cf. Generalow v Steinberger, 131 AD2d 634, 635 [1987]; Medvin v Grauer, 46 AD2d 912 [1974]).
 

 The defendants’ remaining contention, regarding the dismissal of the action against the defendant Tsan Chih Chou, is not properly before this Court (see 77 Water St., Inc. v JTC Painting & Decorating Corp., 148 AD3d 1092, 1097 [2017]; Jing Shan Chen v R & K 51 Realty, Inc., 148 AD3d 689, 691 [2017]).
 

 Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.